UNITED STATES of America,
Plaintiff–Appellee,

v.

Wayne GALL, Defendant–Appellant.

No. 97–1106.

United States Court of Appeals,
Seventh Circuit.

Argued May 28, 1997.

Decided June 13, 1997.

R. Ryan Stoll (argued), Office of the United States Attorney, Chicago, IL, for Plaintiff-Appellee.

Gary J. Ravitz (argued), Chicago, IL, for Defendant-Appellant.

Before BAUER, COFFEY and RIPPLE, Circuit Judges.

RIPPLE, Circuit Judge.

In this direct criminal appeal, Wayne Gall challenges the decision of the district court to impose a four-level sentence enhancement under U.S.S.G. § 2B3.1(b)(4)(A) for "abduction" of a person. For the reasons set forth in this opinion, we affirm the judgment of the district court.

## I

### BACKGROUND

Mr. Gall pleaded guilty to 11 counts of a 12-count indictment for actions related to two robberies of tractor-trailers carrying ship-

ments in interstate commerce.[1] The facts concerning the robberies are not in dispute. On February 27, 1996, Mr. Gall and co-conspirator Jerry Jones followed a tractor-trailer carrying copper coils to a truck stop on Interstate 65 north of Indianapolis, Indiana. Mr. Gall broke the passenger window, pointed a gun at the driver and told him not to move. Once Jones boarded the truck and started driving, Mr. Gall ordered the driver into the sleeper portion of the vehicle, bound his wrists and legs with duct tape and left him on his stomach as the truck traveled from the rest stop to Northlake, Illinois. After a cohort named Coleman unloaded the copper, Mr. Gall and Jones drove to Chicago, Illinois and abandoned both the truck and the bound driver.

The second robbery occurred on May 6, 1996, and involved a similar modus operandi. In Chicago, Mr. Gall and Jones cut off a tractor-trailer. Mr. Gall jumped on the running board and ordered the driver at gunpoint to pull over; Jones drove the truck to Northlake, Illinois again. Mr. Gall ordered the driver to the sleeping area of the truck and bound his hands and feet with duct tape. After Coleman unloaded the copper, Jones and Mr. Gall drove the truck to Chicago, Illinois and abandoned it, with the driver inside.

In the plea agreement, the parties agreed to disagree about whether Mr. Gall's conduct concerning the robberies constituted "abduction," as the government contended, or "physical restraint," as Mr. Gall asserted. *See* U.S.S.G. § 2B3.1(b)(4). An "abduction" requires an enhancement of two offense levels higher than an enhancement for "physical restraint." The practical implication for Mr. Gall is an additional 47 months of incarceration. The district court determined that the conduct in both robberies constituted abduction.

---

1. Mr. Gall pleaded guilty to one count of conspiring to commit robberies (18 U.S.C. § 1951); three counts of robbery (18 U.S.C. § 1951); one count of kidnaping (18 U.S.C. § 1201(a)(1)); one count of conspiring to commit thefts of interstate shipments and to transport stolen goods in interstate commerce (18 U.S.C. § 371); two counts of transporting stolen goods in interstate commerce (18 U.S.C. § 2314); one count of using and car-

rying a firearm in the commission of a crime of violence (18 U.S.C. § 924(c)); and two counts of possessing a firearm after having previously been convicted of a felony (18 U.S.C. § 922(g)). Count Ten, charging Mr. Gall with the use and carrying of a firearm in violation of 18 U.S.C. § 924(c), was dismissed on the motion of the United States.

## II

## DISCUSSION

■ In this appeal, Mr. Gall presents one issue for our determination: Whether he abducted the drivers in connection with the robberies of February 27 and May 6, 1996.

Mr. Gall submits that he only physically restrained the drivers. Mr. Gall accepts the definition of "physical restraint" as "the forcible restraint of the victim such as being tied, bound or locked up." U.S.S.G. § 1B1.1, comment. (n.1(i)); *see United States v. Doubet*, 969 F.2d 341, 345 (7th Cir.1992) (moving victims from bank teller cages into bank restroom constituted physical restraint); *United States v. Perkins*, 89 F.3d 303, 308 (6th Cir.1996) (binding victim with duct tape was physical restraint). He also agrees that the enhancement is intended to punish action that is meant to "keep the person from moving from his present position." *United States v. Robinson*, 20 F.3d 270, 279 (7th Cir.1994). By contrast, Mr. Gall continues, "abduction" requires forcing the victim to accompany an offender to a different location. *See* U.S.S.G. § 1B1.1, comment. (n.1(a)) (giving the example of moving a bank teller from the bank to a getaway car as an abduction); *United States v. Hawkins*, 87 F.3d 722, 727–28 (5th Cir.) (per curiam) (moving the victims across a parking lot from one vehicle to another was an abduction), *cert. denied*, —— U.S. ——, 117 S.Ct. 408, 136 L.Ed.2d 321 (1996); *United States v. Davis*, 48 F.3d 277, 279 (7th Cir.1995) (moving victim from parking lot into building was an abduction).

On the basis of these cases, Mr. Gall reasons that a defendant's conduct may constitute *either* abduction *or* physical restraint but not both. Because he bound the truck drivers with duct tape to keep them from reporting the robberies but kept them in their own trucks throughout their ordeal, he claims his conduct amounted only to physical restraint.

■ We cannot accept Mr. Gall's interpretation of the guidelines. Indeed, we believe that the district court was on extremely solid ground in determining that Mr. Gall's conduct constituted an abduction. First, the district court's decision is in harmony with the plain wording of the guidelines. The appropriate definitional section defines "abducted" to mean that "a victim was forced to accompany an offender to a different location." U.S.S.G. § 1B1.1, comment. (n.1(a)). As Judge Bauer pointed out for this court in *Davis*, 48 F.3d at 279, the guidelines could not be clearer in the terminology that they employ. Second, there can be no question that the district court's application is compatible with the intent of the drafters. The same definitional section gives as an example "a bank robber's forcing a bank teller from the bank into a getaway car." U.S.S.G. § 1B1.1, comment. (n.1(a)). Furthermore, the district court's decision comports with the structure of the guideline. It is clear that, in presenting a two-level increase for physical restraint and a four-level increase for abduction, the drafters did not intend that these options be considered mutually exclusive, but rather gradations of aggravating conduct. Moreover, as our colleagues in the Fifth Circuit have reminded us, these guideline terms are to be applied as the words are used in ordinary parlance; district courts ought not be "unduly legalistic, even punctilious" in their application to the real life situations in which they need to be applied. *Hawkins*, 87 F.3d at 728.

Mr. Gall's interpretation of the guideline language is the sort of unrealistic interpretation of which the Fifth Circuit warned in *Hawkins*. In this case, the victims were forced at gunpoint to accompany the defendant to different locations as the robbers drove the trucks to deliver the stolen cargo and to abandon the trucks and drivers. Although the victims were kept in their trucks, those vehicles were moved a considerable distance from their intended routes. The victims suffered the terror of being removed a significant distance; that movement facilitated the commission of the offense and therefore further endangered the victims.

In giving this guideline a common-sense interpretation, the district court rendered a decision that is squarely supported by the case law of this circuit and the other circuits. *See, e.g., United States v. Nale*, 101 F.3d 1000, 1003 (4th Cir.1996) (forcing the victim

to accompany defendant in stolen vehicle was an abduction); *Hawkins,* 87 F.3d at 726–28 (forcing victims to accompany defendant across parking lot was an abduction); *United States v. Oliver,* 60 F.3d 547, 554–55 (9th Cir.1995) (affirming abduction enhancement in carjacking offense when the victim-driver was forced to accompany the driver in the stolen car from the scene of the crime); *Davis,* 48 F.3d at 279 (forcing victim to accompany defendant from parking lot to inside credit union was an abduction); *United States v. Elkins,* 16 F.3d 952, 953 (8th Cir. 1994) (affirming abduction enhancement when the victim was forced to accompany the defendant from the interior of the bank to a parking lot).

### Conclusion

Accordingly, the judgment of the district court is affirmed.

AFFIRMED.