# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 04-4161

———————

|  |  |
|---|---|
| * |  |
| United States of America, | * |
|  | *  Appeal from the United States |
| Appellee, | *  District Court for the |
| v. | *  District of South Dakota. |
|  | * |
| Lyman Gerald Crawford, | *  [PUBLISHED] |
|  | * |
| Appellant. | * |

———————

Submitted: June 22, 2005
Filed: June 28, 2005

———————

Before RILEY, BOWMAN, and BENTON, Circuit Judges.

———————

PER CURIAM.

Lyman Gerald Crawford appeals his convictions for two counts of abusive sexual contact and one count of aggravated sexual abuse of an eight-year-old minor, in violation of 18 U.S.C. §§ 1153, 2241(c), 2244(a)(1), 2246(3). He argues the district court[1] should have granted two *Batson* challenges, excluded evidence of a prior conviction, and instructed on simple assault as a lesser-included-offense of

———————

[1]The Honorable Charles B. Kornmann, United States District Judge for the District of South Dakota.

abusive sexual contact. Jurisdiction being proper under 28 U.S.C. § 1291, this court affirms.

I.

Crawford, a Native American, alleges the government peremptorily struck the only two Native Americans from the jury panel based on race. He claims an Equal Protection violation. *See Batson v. Kentucky*, 476 U.S. 79, 89 (1986). To prove this, Crawford must make a prima facie case of discrimination – a showing that the government's peremptory challenges were racially motivated. *See United States v. Meza-Gonzalez*, 394 F.3d 587, 593 (8th Cir. 2005). Once a prima facie case is shown, the government must produce a race-neutral explanation for the strike. *Id.* The court decides whether the proffered reason is a pretext. *Id.* The district court's determination that the peremptory challenges are race-neutral is reviewed for clear error. *United States v. Moore*, 895 F.2d 484, 485 (8th Cir. 1990).

The government stated that it struck juror number 11 because the juror's brother-in-law pleaded guilty to molesting children or "something like this," and because the juror twice said she knew who Crawford was but did not know him personally. There is no *Batson* violation when a juror is dismissed because the juror's relatives have been prosecuted or convicted of a crime, or where the juror has knowledge of the defendant. *Gibson v. Bowersox*, 78 F.3d 372, 373-74 (8th Cir. 1996); *Kilgore v. Bowersox*, 124 F.3d 985, 992 (8th Cir. 1997).

The government explained that it struck juror number 1 because the juror had a DWI conviction. The government also feared the juror may have a bias against law enforcement and not show up for jury service. A juror's bias or dissatisfaction with law enforcement is a race-neutral reason for striking the juror. *Gee v. Groose*, 110 F.3d 1346, 1351 (8th Cir. 1997); *United States v. Gibson*,105 F.3d 1229, 1232 (8th Cir. 1997).

A prior conviction is a race-neutral reason for dismissing a juror. *United States v. Plumman*, 2005 WL 1309065, at \*7-8 (8th Cir. June 3, 2005). Crawford argues that the DWI-conviction proffer was pretext because the government did not strike a similarly-situated white juror whose son had a DWI. Pretext may be shown where "non-stricken white panel members share the characteristics of a stricken minority panel member." *United States v. Jenkins*, 52 F.3d 743, 747 (8th Cir. 1995). A person convicted of a crime is not similarly-situated to a person whose child has been convicted of a crime. In addition, the government proffered a combination of reasons for striking juror number 1, making juror number 1 and the white juror sufficiently dissimilar. *See Devoil-El v. Groose*, 160 F.3d 1184, 1187 (8th Cir. 1998), *cert. denied*, 525 U.S. 1163 (1999). Finally, Crawford presented no evidence the government systematically excluded minorities from the jury panel. *See Miller-El v. Dretke*, — S.Ct. ----, 2005 WL 1383365, at \*8 (2005).

The district court's finding that the government's peremptory challenges were race-neutral is not clearly erroneous.

## II.

Crawford argues that the district court erred by admitting, over objection, evidence of his 1994 conviction for abusive sexual contact of an eight-year-old girl. In sexual assault cases, proof of prior offenses for sexual assault is generally admissible against the defendant. Fed. R. Evid. 413(a). Assuming the prior offenses are relevant, Rule 413 supersedes Rule 404's prohibition against character evidence. *United States v. Mound*, 149 F.3d 799, 801-02 (8th Cir. 1998), *cert. denied*, 525 U.S. 1089 (1999). Evidence admitted under Rule 413 is still subject to Rule 403, requiring that the evidence's probative value outweigh the danger of unfair prejudice. *Id.* The district court's evidentiary determination is reviewed for abuse of discretion. *United States v. Ballew*, 40 F.3d 936, 941 (8th Cir. 1994).

The district court found Crawford's 1994 conviction relevant, and that its probative value outweighed the danger of unfair prejudice. This court agrees. The 1994 conviction was relevant because it involved a similar crime – sexual assault of an eight-year-old girl. *See United States v. Gabe*, 237 F.3d 954, 959 (8th Cir. 2001). The district court gave two cautionary instructions that the jury not consider the conviction solely as propensity evidence. Limiting instructions decrease the danger of unfair prejudice. *United States v. Thomas*, 398 F.3d 1058, 1063 (8th Cir. 2005). Finally, there is "strong legislative judgment that evidence of prior sexual offenses should ordinarily be admissible." *United States v. LeCompte*, 131 F.3d 767, 769 (8th Cir. 1997). The district court did not abuse its discretion.

III.

Crawford asserts that he was entitled to a jury instruction on simple assault as a lesser-included-offense of the two counts of abusive sexual contact. Crawford notes that no Eighth Circuit precedent directly addresses when an instruction for simple assault must be given in an abusive-sexual-contact case. Generally, an instruction on a lesser-included-offense is appropriate where: (1) a proper request is made; (2) the lesser-offense elements are identical to part of the greater-offense elements; (3) some evidence would justify conviction of the lesser offense; (4) there is evidence such that the jury may find the defendant innocent of the greater and guilty of the lesser-included-offense; and (5) mutuality. *United States v. Parker*, 32 F.3d 395, 400-01 (8th Cir. 1994). The district court's decision whether to instruct on a lesser-included-offense is reviewed for abuse of discretion. *Id*. at 400.

Element (4) is at issue in this case. Crawford asserts that there is evidence such that the jury may find him innocent of the greater offense – abusive sexual contact – and guilty of the lesser offense of simple assault. Crawford emphasizes that simple assault requires only a deliberately offensive touching of another without justification or excuse. *See United States v. Whitefeather*, 275 F.3d 741, 743 (8th Cir. 2002). He

contends there is evidence of such offensive touching, which does not also show the intent necessary for abusive sexual contact: to "abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire." *See* 18 U.S.C. §§ 2244(a)(1), 2246(3). His primary authority, *United States v. Williams*, 197 F.3d 1091, 1097 (11th Cir. 1999), makes clear that to instruct on simple assault as a lesser-included-offense of abusive sexual contact, there must be evidence that "the touching was not of a sexual nature."

The district court had to decide – ignoring the testimony of the minor, a witness (Crawford's son), and a physician – whether Crawford's evidence permits a reasonable jury to find that his intent is not sexual. *See United States v. Elk*, 658 F.2d 644, 648-49 (8th Cir. 1981). In Crawford's initial statement to law enforcement officers – elicited at trial – he stated that on two occasions he "accidentally slipped" his finger into the minor's vagina while toweling her off after a shower. Crawford first told the officers that he inserted his finger "just past the end of the fingernail." He later indicated he went "to the first knuckle." Crawford also informed the officers that because the minor was scratching herself in various locations on her body, he laid her on the floor to inspect her vagina for rashes "on a couple of occasions." Finally, while Crawford denied he forced the minor to touch his penis, he stated that "on at least two occasions" he woke up during the night and the minor's "hand would be in his underwear holding his penis." He claims "he had a partial erection" because the minor "was moving her hand."

Based on Crawford's evidence, a reasonable jury could not acquit him of abusive sexual contact and find guilt only on simple assault. The district court did not abuse its discretion by denying Crawford's request for a lesser-included-offense instruction.

The judgment of the district court is affirmed.

_____