NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 26, 2009
Decided January 20, 2010[*]

**Before**

WILLIAM J. BAUER, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

PHILIP P. SIMON, *District Judge.*[**]

No. 08-3492

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> *Plaintiff-Appellee,* | Appeal from the United States District Court for the Northern District of Illinois, Western Division. |
| *v.* | No. 3:07-cr-50058-5 |
| | Philip G. Reinhard, *Judge.* |
| MARK COOPER, <br> *Defendant-Appellant.* | |

**O R D E R**

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2).

[**] The Honorable Philip P. Simon, United States District Court Judge for the Northern District of Indiana, sitting by designation.

Marc Cooper and two of his buddies robbed a jewelry store in Rockford, Illinois.  The authorities eventually caught up with them, and Cooper and the others were charged with conspiracy, robbery and using a firearm during a crime of violence.  Cooper pled guilty to the robbery count pursuant to 18 U.S.C. § 1951 and the firearm offense pursuant to 18 U.S.C. § 924(c).  Cooper was sentenced to 71 months on the robbery offense and a consecutive 84 months on the firearms offense, for a total of 155 months.  Cooper filed a notice of appeal but his appointed lawyer moves to withdraw under *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396 (1967), because he cannot find any nonfrivolous ground for appeal.  Cooper filed a response to his lawyer's submission.  *See* Cir. R. 51(b).  Limiting our review to the potential issues raised in counsel's facially adequate supporting brief and in Cooper's response, *see United States v. Cano-Rodriquez*, 552 F.3d 637, 638 (7th Cir. 2009), we grant counsel's motion to withdraw and dismiss the appeal.

According to Cooper's plea agreement, on August 2, 2007, he and two others entered Soto's Jewelry store in Rockford, Illinois intent on robbing the place.  All three were armed.  Cooper jumped on the counter and ordered an employee of the store to get on the ground as one of his cohorts went into a small back room and dragged a second employee from the back room to the front area of the store causing the employee to sustain injuries in the form of abrasions and bruises.  The district court estimated that the employee was dragged about six feet.  Cooper and the others stole merchandise valued at approximately $3,000.

The principal issue at sentencing was whether the dragging of the employee from the back of the store was an "abduction" of the victim or merely a "restraint" under the pertinent sentencing guideline.  *See* U.S.S.G. § 2B3.1(b)(4).  Also at issue was whether the victim sustained bodily injury when she was dragged across the store, and whether assessing the bodily injury enhancement and the abduction or restraint amounted to impermissible double counting.  The district court found that the victim was abducted (not merely restrained) and that she sustained bodily injury.  The court also noted that even if it was incorrect on the abduction versus restraint issue, it would have given the same sentence.

We begin with Cooper's primary argument that the court was incorrect in finding that there was an "abduction" of the victim.  Under § 2B3.1(b)(4), a defendant convicted of a robbery offense is given a four level increase in his offense level if "any person was abducted to facilitate commission of the offense or to facilitate escape" and a two level increase if anyone was "physically restrained."  U.S.S.G. § 2B3.1(b)(4).  The term "physical restraint" is defined to include (but is not limited to) tying, binding or locking up a victim.  *See* U.S.S.G. § 1B.1.1, comment (n.1(K)); *United States v. Doubet*, 969 F.2d 341, 346 (7th Cir. 1992).

Because there is no question that this offense at least involved a physical restraint of the victim, the question before us is whether the conduct at issue here – dragging a robbery victim about six feet from one room to another – is an "abduction."  As a criminal history category IV offender, if Cooper is correct his sentencing range would have been 57-71 months. If the district court was correct, then his range would have been 70-87 months.  The district court, following *United States v. Osborne,* 514 F.3d 377 (4th Cir. 2008), found that moving the victim from the back room of the store to the front area, amounted to an abduction because, under the guidelines, an abduction occurs when a victim is forced to accompany a defendant "to different location."  *See* U.S.S.G. § 1B1.1, comment (n.1(A)).

An abduction enhancement is not supported by this Circuit's case law.  In *United States v. Carter*, 410 F.3d 942, 954 (7th Cir. 2005), we held that forcing a bank teller at gunpoint from the back vault to her drawer against her will constitutes a restraint.  And in a similar case, we held that a restraint enhancement was appropriate where the defendant directed three bank tellers to a small room in the back of the bank at gun point.  *United States v. Doubet*, 969 F.2d 341, 346 (7th Cir. 1992); *see also United States v. Nelson*, 137 F.3d 1094, 112 (9th Cir. 1998) ("[O]rder[ing] a jewelry store employee and customer to the back room at gunpoint . . . constitutes physical restraint.").  By contrast, forcing a bank employee at gunpoint from a parking lot into the bank warranted a four level enhancement for abduction, because this amounted to a "different location" under the guidelines.  *United States v. Taylor*, 128 F.3d 1105, 1110-11 (7th Cir. 1997); *see also United States v. Gall*, 116 F.3d 228, 230 (7th Cir. 1997) (abduction enhancement proper where victims were forced at gunpoint into trucks and drove around "a significant distance"); *United States v. Davis*, 48 F.3d 277, 279 (7th Cir. 1995) (forcing victim at gunpoint from parking lot to inside the credit union satisfied abduction requirement).

As mentioned, the district court relied on *United States v. Osborne*, 514 F.3d 377 (4th Cir. 2008), in finding the abduction enhancements applicable.  In *Osborne*, the defendants forced employees of a Walgreens drug store from the pharmacy section of the store, which was separated by a secured door and only accessible by authorized persons via keypad, through the entire building and out to the front door.  *Id*. at 391.  The court found that the victims were taken hostage to facilitate the defendants' escape  – which is the type of conduct "plainly targeted by the abduction enhancement."  *Id*. at 390.

The facts in this case really do not resemble the situation in *Osborne*.  Here, the store was a small retail jewelry store and the victim was moved no more than six feet. Given the dimensions of the store and the nature of the movement of the victim, this case is materially different from *Osborne*.  On the other hand, this case is indistinguishable from cases such as *Carter* and *Doubet*.  Under these facts, and taking into account the physical dimensions of the

jewelry store, we believe that transporting the victim six feet is more akin to a restraint than it is an abduction, and so the district court erred in holding otherwise.

The next issue is whether the error was harmless. We believe it was. The district court calculated Cooper's final offense level (including the abduction enhancement) to be a level 23. Cooper started at a base offense level of 20; two points were added because the victim sustained bodily injury during the robbery, *see* U.S.S.G. § 2B3.1(b)(3); four points were added – erroneously, as we have just found – because the victim was abducted; and three points were subtracted because Cooper accepted responsibility leaving a final offense level of 23. Cooper was a criminal history category IV. This yielded a suggested range of imprisonment under the guidelines of 70-87 months. With our finding that the victim was restrained, not abducted, Cooper's final offense level should have been 21 and with a criminal history category of IV, the recommended range is therefore 57-71 months.

Recall that Cooper was sentenced to 71 months on the robbery count, which is a sentence that is within the range whether this was an abduction or a restraint. In other words, the ranges overlap, and the sentence that was chosen was in both ranges. At sentencing, the judge stated that he would have given the identical sentence whether or not he was correct on the abduction versus restraint issue. Given the defendant's significant criminal history, and the fact that a victim was harmed in the robbery, the court concluded that a sentence of 71 months was appropriate one way or the other. Since a sentence within the guideline range is almost never unreasonable, *United States v. Tahzib*, 513 F.3d 692, 695 (7th Cir. 2008), any error in this case was harmless.

In his response to counsel's *Anders* brief, Cooper also suggests that appellate counsel could argue that he was the victim of impermissible double counting by the district court. In particular, he claims that being given a two level enhancement for bodily injury and an additional enhancement for restraint of the victim was an error. Cooper's counsel in the district court correctly conceded that this was not double counting. We agree, and to raise the argument on appeal would be frivolous. Improper double counting only occurs "when a district court imposes two or more upward adjustments within the same guideline range, when both are premised on the *same* conduct." *United States v. Schmeilski*, 408 F.3d 917, 919 (7th Cir. 2005) (quoting *United States v. Haines*, 32 F.3d 290, 293 (7th Cir. 1994)) (italics in *Haines).* But when each enhancement addresses distinct conduct, there is no double counting even if there is some factual overlap. *Id*. at 919.

When an assailant restrains a victim and causes bodily injury in the process, that is obviously more egregious than when the assailant merely restrains a victim and causes no bodily injury. The guidelines sensibly find that the former is deserving of a higher sentence

than the latter. That's the situation that Cooper (or more specifically his victim) was in. Both the restraint enhancement and the bodily injury enhancement are targeting different harms and so holding Cooper responsible for both harms does not amount to impermissible double counting. *See United States v. White*, 222 F.3d 363, 376 (7th Cir. 2000).

Because there are no nonfrivolous grounds for appeal, appointed counsels' motion to withdraw under *Anders v. California*, 386 U.S. 738 (1967) is **GRANTED**, and the appeal is **DISMISSED**.