# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-2954

_____

United States of America

*Plaintiff - Appellee*

v.

Sylvan Godfrey

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of South Dakota - Pierre

_____

Submitted: March 9, 2015
Filed: May 4, 2015
[Unpublished]

_____

Before WOLLMAN, BEAM, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Sylvan Godfrey was convicted on one count of aggravated sexual abuse of a child, in violation of 18 U.S.C. §§ 1153, 2241(c), and 2246(2)(D). Godfrey appeals,

challenging the district court's[1] admission of evidence of an earlier sexual assault by Godfrey. We affirm.

From 2004 to 2007, sisters R.H. and T.H. lived with relatives near Bonesteel, South Dakota. During the summer of 2006 or 2007, their cousin Jasmine took them to a party at an apartment in Milk's Camp Housing, tribal housing near Bonesteel. Jasmine became very intoxicated. R.H., who was then three or four years old, and T.H., who was then seven years old, went to sleep on a bed in a back bedroom, where Godfrey and one or more other men were sleeping. Godfrey sexually assaulted R.H. that night.

In 2013, Godfrey was charged with two counts of aggravated sexual abuse of a child. The first count alleged sexual contact between Godfrey's penis and R.H.'s vulva. The second count alleged sexual contact between Godfrey's fingers and hand and R.H.'s genitalia. Before trial, the government filed a notice of intent to introduce evidence of Godfrey's prior sexual assault of a thirteen- or fourteen-year-old girl, A.R.

A two-day jury trial commenced. R.H. testified that Godfrey's hand touched her "private part," which she described as the body part a girl uses to urinate, and that she began to cry, causing T.H. to wake up. T.H. testified that she saw Godfrey on top of R.H. and that both were naked from the waist down. T.H. indicated that Godfrey's penis was touching R.H.'s "private part." T.H. testified that when she got out of bed to go to the bathroom and find Jasmine, Godfrey also got out of bed. He then threw R.H.'s pants to R.H. and told her to put them on.

---

[1]The Honorable Roberto A. Lange, United States District Judge for the District of South Dakota.

The government then called a retired detective to testify regarding Godfrey's admissions related to two incidents of sexual assault that occurred during the summer of 2001: (1) that Godfrey had placed his hand between A.R.'s legs and had sexual thoughts while his hand was on her vagina and (2) that Godfrey had become sexually aroused when A.R. placed her hand on his penis and rubbed her vagina on his buttocks. The district court determined that evidence of the first incident was admissible under Federal Rule of Evidence 413, but that evidence of the second incident would be unfairly prejudicial and thus was not admissible. After the district court gave a limiting instruction to the jury, the detective testified as follows:

> A: [Godfrey] stated that [he and A.R.] were wrestling, and he put his hands between her leg[s] to lift her, and at that point he realized his hand was against her clothed vagina. And he said he left it there on purpose, and he had sexual thoughts while his hand was there.
>
> Q: Did Mr. Godfrey indicate how long he left his hand against A.R.'s clothed vagina?
>
> A: Initially, he said a minute or more, and then a short time later said it was probably 30 seconds.

The jury found Godfrey not guilty on count one and guilty on count two.

Godfrey argues that the district court abused its discretion in admitting the detective's testimony. See United States v. Gabe, 237 F.3d 954, 959 (8th Cir. 2001) (standard of review). In sexual-assault cases, proof of prior offenses of sexual assault is generally admissible against the defendant. See Fed. R. Evid. 413(a). Moreover, "[t]he evidence may be considered on any matter to which it is relevant," id., and thus may be used to show "the defendant's propensity to commit such offenses," Gabe, 237 F.3d at 959. See also United States v. Crawford, 413 F.3d 873, 875 (8th Cir.

2005) (per curiam) ("Assuming the prior offenses are relevant, Rule 413 supersedes Rule 404's prohibition against character evidence.").

Godfrey contends that evidence of the sexual assault involving A.R. was not relevant to the offense involving R.H. He argues that the assaults were different because they involved girls of different ages and because—unlike the sexual assault of R.H.—the sexual assault of A.R. "occurred incident to playful wrestling," during which Godfrey "apparently did not have sexual thoughts initially." "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. We have said that "[a] relevant sexual assault is one committed in a manner similar to the charged offense." United States v. Rodriguez, 581 F.3d 775, 796 (8th Cir. 2009) (citing Crawford, 413 F.3d at 875-76). The evidence of Godfrey's admission regarding A.R. meets the test for relevancy set forth in Rule 401, and we agree with the district court's analysis that the two assaults were similar:

> There is the fact that A.R. at the time is a minor . . . . The touching is of the vagina, albeit over the clothing. It is a touching that is identified as being for sexual gratification by Mr. Godfrey.

The different ages of the girls and the somewhat different circumstances of the assaults do not render the evidence regarding the sexual assault of A.R. irrelevant. See, e.g., United States v. Hollow Horn, 523 F.3d 882, 887-89 (8th Cir. 2008) (holding that the district court did not abuse its discretion in admitting evidence of defendant's rape of a twenty-year-old woman in a case involving defendant's abusive sexual contact of a seven-year-old girl and a ten-year-old girl).

Godfrey also argues that the evidence should have been excluded as unfairly prejudicial. "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice." Fed. R. Evid. 403.

-4-

Godfrey's admission is probative because it tends to prove Godfrey's propensity to assault girls by placing his hand on their vaginas for sexual gratification. Despite the especially prejudicial nature of propensity evidence, such evidence is admissible under Rule 413. See Crawford, 413 F.3d at 876 ("[T]here is 'strong legislative judgment that evidence of prior sexual offenses should ordinarily be admissible.'" (quoting United States v. LeCompte, 131 F.3d 767, 769 (8th Cir. 1997))). Godfrey has not shown "unfair prejudice, that is, an undue tendency to suggest decision on an improper basis." Gabe, 237 F.3d at 960 (quoting United States v. Yellow, 18 F.3d 1438, 1442 (8th Cir. 1994)). Moreover, the district court limited the danger of unfair prejudice by instructing the jury that Godfrey "is on trial only for the crimes charged in the Indictment. The testimony of prior misconduct does not mean that the defendant is guilty of the offenses charged in the Indictment." We thus conclude that the district court did not abuse its discretion in admitting evidence regarding the sexual assault of A.R.

We have considered Godfrey's pro se letter to the court, in which he argues that his attorney failed to interview potential witnesses. We ordinarily do not consider claims of ineffective assistance of counsel on direct appeal, United States v. Looking Cloud, 419 F.3d 781, 788-89 (8th Cir. 2005), and we decline to do so here.

The judgment is affirmed.

_____