BEAM, Circuit Judge.
Christopher Strong was convicted of aggravated sexual abuse for assaulting his girlfriend, Fawnda Parkhurst, and forcing her to have sex with him over the course of a three-day period, during which he held her against her will. Prior to trial, Strong moved in limine'to exclude evidence of a prior sexual assault he committed against his former wife. The district court[1] admitted the evidence under Federal Rule of Evidence 413. Also prior to trial, Strong provided adequate notice of his intent to call an accident reconstructionist, Daniel Lofgren (the expert). At trial, however, the judge excluded the expert’s testimony. Strong was sentenced to 360 months in prison, which included an enhancement for •abduction and an upward adjustment for physical restraint. For the reasons discussed below, we affirm.
I. BACKGROUND
Strong and Parkhurst began dating in November 2013. The couple lived together with Strong’s father on the Red Lake Indian Reservation in northern Minnesota. Strong quickly became controlling and physically abusive. Between June 6 and June 8, 2014, Strong forced Parkhurst to remain in their home confined to the bedroom, where he then beat her, raped her, and threatened to kill her. Parkhurst testi *1112 fied that when she tried to leave, Strong grabbed her by her hair and threw her to the floor. She had bite marks and bruises all-over her body. Because it was graduation weekend, there were numerous visitors to the Strong house, but Parkhurst was confined in the bedroom.
On June 8, 2014, Parkhurst escaped while Strong was in the bathroom. She ran out of the house, but Strong caught up to her. He grabbed her and began dragging her back to the house. Strong then pushed her in front of a moving car on the highway, and Parkhurst was severely injured. She had a compound fracture to her leg. The driver that hit her did not stop, but a passerby, Carla Martin, stopped to render aid. Parkhurst crawled into Martin’s car; Strong also joined Parkhurst in the backseat. Red Lake Police Department Criminal Investigator Paul Smith met Parkhurst at the hospital and assisted medical staff in bringing her into the emergency room. She told Smith that Strong had pushed her in front of the car and testified that she started telling another officer, Alexandra Dow, about the sexual assault. Dow did not recall Parkhurst mentioning the sexual assault but did remember Parkhurst telling her about the events leading up to the crash. Strong was then arrested, and Parkhurst was airlifted to a hospital in Fargo, North Dakota, where she was rushed into surgery for her broken leg. Because of the emergency surgery, there was no time for a Sexual Assault Nurse Exam (SANE).
Strong was indicted and charged with aggravated sexual abuse, kidnapping, assault resulting in serious bodily injury, and strangulation. Prior to trial, Strong moved in limine to exclude evidence of a prior sexual assault on his then-wife, which the government intended to offer under Federal Rule of Evidence 413. In 2009, Strong pled guilty to assault resulting in serious bodily injury after he brutally attacked and sexually assaulted his wife, Clarissa Smith. The 2009 case is very similar to this case. Both victims were romantically involved with Strong, subjected to controlling behavior, sexually assaulted in the same fashion, and held captive for several days. Strong argued that admission of evidence of the 2009 assault was highly likely to unfairly prejudice the non-sexual-assault charges in this matter. To prevent such prejudicial spillover, the district court severed the aggravated-sexual-abuse count, which is the sole proceeding on appeal, and allowed evidence regarding the 2009 assault.
Prior to trial, Strong provided adequate, timely notice of his intent to call the expert who planned to testify that “it is not possible to determine whether or not the alleged victim was pushed in front of a moving vehicle prior to being struck by the vehicle.” At trial, the district court called a sidebar, which was not recorded. The judge then excluded the expert’s testimony for two reasons: (1) because the testimony would not have been helpful to the jury, and (2) because the court considered the testimony extrinsic evidence offered to impeach Parkhurst’s testimony that Strong pushed her in front of the car that struck her.
The jury found Strong guilty of aggravated sexual abuse on December 18, 2014. The Presentence Report (PSR) recommended a total offense level of 40 based on the following: a base offense level of 30 under United States Sentencing Guideline (U.S.S.G.) § 2A3.1(a)(2) for criminal sexual abuse; a 4-level specific-offense-characteristic enhancement for permanent or life-threatening bodily injury pursuant to U.S.S.G. § 2A3.1(b)(4); a 4-level specific-offense-characteristic enhancement for abduction of the victim pursuant to U.S.S.G. § 2A3.1(b)(5); and a 2-level upward adjustment for physical restraint *1113 pursuant to U.S.S.G. § 3A1.3. The PSR noted that Strong had a criminal history category of III. The recommended Guidelines range was 360 months to life imprisonment. At sentencing on May 7, 2015, Strong objected to the 4-level enhancement for abduction and the 2-level adjustment for physical restraint, arguing that it was impermissible double counting. The district court overruled Strong’s objections and sentenced him to 360 months’ imprisonment.
Strong now appeals arguing that the district court (1) wrongly refused to curtail the introduction of prior sexual-assault evidence, (2) wrongly excluded his expert witness’s accident reconstruction testimony, and (3) erred when it simultaneously applied sentencing enhancements for abduction and physical restraint because the enhancements were allegedly based on the same conduct, which constitutes impermissible double counting.
II. DISCUSSION
A. Prior Sexual Assault Under Rule 413
Strong argues that the district court wrongly refused to curtail the introduction of evidence of his prior sexual assault offered under Federal Rule of Evidence 413, which was unfairly prejudicial, and failed to properly apply Federal Rule of Evidence 403, which he claims would have resulted in the exclusion of evidence of the 2009 assault. We disagree. This court reviews evidentiary rulings for abuse of discretion. United States v. Crawford, 413 F.3d 873, 875-76 (8th Cir. 2005). We will “revers[e] only when an improper evi-dentiary ruling affected the defendant’s substantial rights or had more than a slight influence on the verdict.” United States v. Espinoza, 684 F.3d 766, 778 (8th Cir. 2012) (quoting United States v. Faulkner, 636 F.3d 1009, 1017 (8th Cir. 2011)).
Rule 413 states, “In a criminal case in which a defendant is accused of a sexual assault, the court may admit evidence that the defendant committed any other sexual assault. The evidence may be considered on any matter to which it is relevant.” Fed. R. Evid. 413(a). The rule allows the jury to consider the defendant’s propensity to commit sexual crimes. Congress created this rule to encourage the prosecution of sexual offenders. United States v. Mound, 149 F.3d 799, 801 (8th Cir. 1998). Without probative evidence of prior sexual assaults, “credibility determinations ... ‘would otherwise become unresolved swearing matches.’ ” Id. (quoting 140 Cong. Rec. H8991 (daily ed. Aug. 21, 1994) (statement of Rep. Molinari)). Thus, “there is ‘strong legislative judgment that evidence of prior sexual offenses should ordinarily be admissible.’ ” Crawford, 413 F.3d at 876 (quoting United States v. Le-Compte, 131 F.3d 767, 769 (8th Cir. 1997)). Nonetheless, Federal Rule of Evidence 403 should also be considered to ensure that the “probative value [of the prior sexual assault is] not .... substantially outweighed by the danger of unfair prejudice.” United States v. Hollow Horn, 523 F.3d 882, 888 (8th Cir. 2008). “Federal Rule 403 ... defines unfair prejudice as an undue tendency to suggest ... a decision on an improper basis[,] commonly, though not necessarily, an emotional one.... ” Mound, 149 F.3d at 802 (alterations in original).
Here, evidence of the 2009 assault admitted at trial was not unfettered. The entire Rule 413 testimony is summed up in approximately twenty-one pages of a 318-page trial transcript. The FBI agent involved in the 2009 assault case briefly described the assault, the investigation, and the victim’s physical condition, using photographs from the investigation to support his testimony. The victim, Clarissa Smith, *1114 also testified, but her testimony was cursory and unadorned. Strong argues that the district court allowed this evidence to “take over the trial” and states that this case is similar to United States v. Forcelle, where this court found that the evidence of a prior crime was improperly admitted under Rule 404. 86 F.3d 838, 842-43 (8th Cir. 1996). Forcelle was convicted of one count of mail fraud and six counts of interstate transportation of monies obtained by fraud. Id. at 839. To support the claims, the government offered evidence that the defendant previously stole platinum from his employer. Id. at 840. This case is not like Forcelle. The 2009 assault offered here was offered under Rule 413, not Rule 404.[2] Moreover, Rule 413 supersedes Rule 404’s prohibition against character evidence. United States v. Gabe, 237 F.3d 954, 959 (8th Cir. 2001) (holding that Rule 413 evidence can be considered on any matter, including propensity). This case is more similar to Hollow Horn where we allowed a prior victim “to testify pursuant to Federal Rule of Evidence 413, that [the defendant] had raped her in 1988.” 523 F.3d at 887. The court determined that the “testimony [was] prejudicial to [the defendant] for the same reason it [was] probative — it tend[ed] to prove his propensity to commit sexual assaults,” which Rule 413 allows. Id. at 888. Although the testimony was prejudicial, it was not unfairly prejudicial. Id.
The district court also properly conducted Rule 403 balancing before allowing the prior assault evidence at trial. “The court may exclude evidence if its probative value is substantially outweighed by a danger of ... unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.” Fed. R. Evid. 403. In arguing there was no Rule 403 balancing performed in this case, Strong fails to acknowledge the extensive pretrial litigation. Strong filed a motion in limine and during the status conference, argued that the evidence should be excluded. The court took the issue under advisement and ruled on Strong’s motion at the pretrial conference. The court specifically recognized the possibility that the Rule 413 evidence could spill over into the non-sexual-assault offenses and thus decided to sever the aggravated-sexual-abuse count. Strong argues for the first time on appeal that the court should have fashioned a different remedy, such as limiting the scope or excluding the photos. The district court took reasonable action in severing the cases and in doing so, did not abuse its discretion. Rule 413 evidence is always prejudicial, but Rule 403 only prevents unfairly prejudicial evidence. Gabe, 237 F.3d at 960. Here, there was no unfair prejudice other than the issue of spillover, which the court’s decision to sever resolved. The district court further limited the alleged danger of the prior assault evidence by reminding the jury that although it could consider the evidence for any relevant matter, it could not convict Strong merely because he may have committed similar acts in the past. Thus, the district court did not abuse its discretion when it allowed evidence of Strong’s 2009 assault conviction to be presented at trial.
B. Expert Testimony
Strong argues that the district court erred when it prohibited his expert from testifying at trial in regards to *1115 Parkhurst being struck by the car. We disagree. The district court excluded the expert’s testimony for two reasons: (1) because the testimony would not have been helpful to the jury, and (2) because the court considered the evidence extrinsic evidence offered to impeach Parkhurst’s testimony that Strong pushed her in front of the car that struck her. “The exclusion of expert testimony is a matter committed to the sound judicial discretion of the trial judge, and we will reverse only for an abuse of that discretion.” United States v. Kime, 99 F.3d 870, 883 (8th Cir. 1996).
“Criminal defendants have a fundamental right to present the testimony of witnesses in their defense....” United States v. Turning Bear, 357 F.3d 730, 733 (8th Cir, 2004). However, there is no absolute right for criminal defendants to call every witness. Richardson v. Bowersox, 188 F.3d 973, 980 (8th Cir. 1999). A defendant’s right to present witness testimony is limited by “other legitimate interests in the criminal trial process.” United States v. Scheffer, 523 U.S. 303, 308, 118 S.Ct. 1261, 140 L.Ed.2d 413 (1998) (quoting Rock v. Arkansas, 483 U.S. 44, 55, 107 S.Ct. 2704, 97 L.Ed.2d 37 (1987)). Federal Rule of Evidence 702 states:
A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert’s scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.
Fed. R. Evid. 702. Even when the requirements of Rule 702 are met, however, “[t]he court may exclude [the] evidence if its probative value is substantially outweighed by a danger of ... unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.” Fed. R. Evid. 403. The district court has “broad discretion” to determine the reliability of expert testimony and conduct Rule 403 balancing. Kime, 99 F.3d at 883 (quoting United States v. Blade, 811 F.2d 461, 465 (8th Cir. 1987)).
Strong’s expert-witness testimony was properly excluded for several reasons. First, it was not helpful as required by Rule 702. The expert intended to testify that it was impossible to determine if Parkhurst was actually pushed in front of the car. This is an aggravated sexual abuse case; thus, it is irrelevant whether Strong pushed Parkhurst or whether she was simply running from Strong when she was hit. The only issue is whether Strong sexually abused her. Evidence of the crash was included in this case to complete the story of the three-day assault. “A jury is entitled to know the circumstances and background of a criminal charge. It cannot be expected to make its decisions in a void-without knowledge of the time, place, and circumstances of the acts which form the basis of the charge.” United States v. Moore, 735 F.2d 289, 292 (8th Cir. 1984). Evidence of the crash was also offered to explain the lack of forensic evidence in this case, specifically, why no SANE was performed at the hospital. When Parkhurst arrived at the hospital she was immediately rushed into emergency surgery for the compound fracture in her leg.
Second, although not discussed by the district court, Federal Rule of Evidence 403 weighs against including the expert testimony in this case. Evidence about how Parkhurst ended up in front of the car has minimal probative value. The government presented evidence that Strong kept Park-hurst captive for three days, beat her, *1116 sexually assaulted her, and threatened her life. When she finally escaped, she was hit by a car. Whether Strong pushed her was relevant, as mentioned above, to complete the story and explain the lack of evidence; but because Strong was on trial only for sexual abuse, the relevance was minimal. Expert testimony on such a small point that was not an element of the crime was not necessary.
Strong suggests that the evidence should have been admitted because it contradicted Parkhurst’s testimony. However, Strong’s attorney properly cross-examined Parkhurst, raised questions about her motive and credibility, and introduced evidence of a prior civil judgment for fraud. The defense also provided testimony of several witnesses that contradicted Park-hurst’s testimony about being confined to the bedroom. Most importantly, an expert opinion offered for the purpose of bolstering impeachment is not helpful to the jury and is not a proper basis for admission of expert testimony. See Fed. R. Evid. 702.
The district court suggested that the expert testimony was excludable under Federal Rule of Evidence 608(b), which states that “extrinsic evidence is not admissible to prove specific instances of a witness’s conduct in order to attack or support the witness’s character for truthfulness.” Fed. R. Evid. 608(b). Although the sole purpose of the expert’s testimony was to undermine Parkhurst’s credibility, we agree with both parties that Rule 608(b) does not apply to this testimony. The expert’s testimony would have cast doubt on Parkhurst’s assertion that Strong pushed her. It would not have “prove[d] specific instances of [Parkhurst’s] conduct” or “attacked] or supported her] character for truthfulness.” Id. The district court’s reasoning does, however, demonstrate why the evidence was not proper under Rule 702. The testimony served no real purpose related to the aggravated sexual assault case, and it would not have assisted the jury in reaching a conclusion. Thus, the district court did not abuse its discretion by excluding the expert’s testimony.
C. Sentencing
Lastly, Strong argues that this case should be reversed and remanded for resentencing because the district court committed impermissible double counting by simultaneously applying sentencing enhancements for abduction and physical restraint based upon the same conduct. We disagree.
“Double counting occurs when ‘one part of the Guidelines is applied to increase a defendant’s punishment on account of a kind of harm that has already been fully accounted for by application of another part of the Guidelines.’ ” United States v. Hipenbecker, 115 F.3d 581, 583 (8th Cir. 1997) (quoting United States v. Alexander, 48 F.3d 1477, 1492 (9th Cir. 1995)). Stated differently, impermissible double counting occurs “when precisely the same aspect of a defendant’s conduct factors into his sentence in two separate ways.” United States v. Waldner, 580 F.3d 699, 707 (8th Cir. 2009) (quoting United States v. Smith, 516 F.3d 473, 476 (6th Cir. 2008)). “We review de novo whether a district court impermissibly double counted in applying the sentencing guidelines.” Hipenbecker, 115 F.3d at 583. We also “give due deference to the district court’s application of the guidelines to the facts.” Buford v. United States, 532 U.S. 59, 63, 121 S.Ct. 1276, 149 L.Ed.2d 197 (2001) (quoting 18 U.S.C. § 3742(e)).
The Guidelines direct sentencing courts to first apply the appropriate specific-offense characteristics and then apply Chapter Three adjustments. U.S.S.G. § lBl.l(a)(2)-(3). The district court applied a 4-level enhancement for abduction under § 2A3.1(b)(5). A person has been abducted *1117 if she “was forced to accompany an offender to a different location.” Id. § 1B1.1, cmt. n.l(A). The court then applied a 2-level upward adjustment for physical restraint under § 3A1.8. “’Physically restrained’ means the forcible restraint of the victim such as by being tied, bound, or locked up.” Id. § 1B1.1, cmt. n.l(K). The commentary on “Restraint of Victim” states, “Do not apply this adjustment where the offense guideline specifically incorporates this factor, or where the unlawful restraint of a victim is an element of the offense itself (e.g., this adjustment does not apply to offenses covered by § 2A4.1 (Kidnapping, Abduction, Unlawful Restraint)).” Id. § 3A1.3, cmt. n.2 (emphasis added). Strong argues that this comment precludes the court from applying the physical restraint adjustment because it applied the abduction enhancement. However, “the drafters did not intend that [abduction and physical restraint enhancements] be considered mutually exclusive, but rather gradations of aggravating conduct.” United States v. Gall, 116 F.3d 228, 230 (7th Cir. 1997); see also United States v. Smith, 320 F.3d 647, 657-58 (6th Cir. 2003) (rejecting a double counting claim that was based on the application of abduction and physical restraint). Also, the offense in this case was aggravated sexual abuse under U.S.S.G. § 2A3.1, not abduction. Had the offense been abduction, adding a physical restraint adjustment would have clearly been improper based on § 3A1.3, cmt. n.2.
Strong further argues that the conduct supporting the abduction enhancement was exactly the same conduct used to justify the physical restraint adjustment. However, the PSR shows that each enhancement was applied to separate conduct. Moreover, based upon the Guidelines’ definition of abduction, the evidence used to justify the physical restraint adjustment would not have supported the abduction enhancement. The abduction enhancement was based on Strong “forcing Parkhurst] to return to the Strong residence after he located her at a neighbor’s residence following her attempt to flee.” Merely dragging a victim from one room to another is not abduction. United States v. Cooper, 360 Fed.Appx. 657, 659 (7th Cir. 2010). Here though, after Parkhurst escaped, she was actually dragged to “a different location,” not merely another room. Thus, the abduction enhancement was proper. The physical-restraint adjustment was based on Parkhurst’s three-day confinement to the Strong residence and her inability to leave. When she tried to leave, Strong threatened and physically assaulted her. This court has upheld physical-restraint adjustments where a victim was pushed and grabbed to prevent her from leaving the bedroom, Arcoren v. United States, 929 F.2d 1235, 1246 (8th Cir. 1991), and where a victim was held to the floor, threatened with a weapon, and forcefully tattooed after being told he could not leave the trailer. United States v. Aguilar, 512 F.3d 485, 488 (8th Cir. 2008). Strong’s physical restraint adjustment was adequately supported by the facts of the case. Therefore, the “kind of harm [Parkhurst suffered while being physically restrained was not] already ... fully accounted for by application of’ the abduction enhancement. Hipenbecker, 115 F.3d at 583. As such, the district court committed no impermissible double counting.
III. CONCLUSION
The judgment of the district court is affirmed.

. The Honorable Richard H. Kyle, United States District Judge for the District of Minnesota.

. Federal Rule of Evidence 404(b) provides:
Evidence of a crime, wrong, or other act is not admissible to prove a person’s character in order to show that on a particular occasion the person acted in accordance with the character. This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.
Fed. R. Evid. 404(b).