# United States Court of Appeals
### For the Eighth Circuit

_____

No. 19-1923

_____

United States of America

*Plaintiff - Appellee*

v.

John Clifford Czarnecki

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - Cape Girardeau

_____

Submitted: December 23, 2019
Filed: December 30, 2019
[Unpublished]

_____

Before STRAS, WOLLMAN, and KOBES, Circuit Judges.

_____

PER CURIAM.

John Czarnecki pleaded guilty to carjacking, 18 U.S.C. § 2119, and received a within-Guidelines-range sentence of 168 months in prison. In an *Anders* brief, Czarnecki's counsel requests permission to withdraw and raises three claims: (1) the

district court[1] impermissibly counted the same conduct twice in calculating the sentence; (2) the overall sentence is substantively unreasonable; and (3) the government violated *Brady v. Maryland*, 373 U.S. 83 (1963), by not sharing a victim-impact statement until shortly before sentencing. *See Anders v. California*, 386 U.S. 738 (1967). Czarnecki has also filed a pro se brief.

We first conclude that there has been no improper double counting here. *See United States v. Turner*, 781 F.3d 374, 393 (8th Cir. 2015) (reviewing the construction and application of the Guidelines de novo). The objected-to enhancements for abduction and physical restraint were based on different facts. *See* U.S.S.G. § 1B1.1 cmt. n.1 (defining "[a]bducted" and "[p]hysically restrained"); *United States v. Strong*, 826 F.3d 1109, 1116–17 (8th Cir. 2016) (affirming the application of both an abduction enhancement under U.S.S.G. § 2A3.1(b)(5) and a physical-restraint enhancement under U.S.S.G. § 3A1.3).

Nor is Czarnecki's sentence substantively unreasonable. *See United States v. Callaway*, 762 F.3d 754, 760 (8th Cir. 2014) (stating that a within-Guidelines-range sentence is presumptively reasonable). The record establishes that the district court sufficiently considered the statutory sentencing factors, 18 U.S.C. § 3553(a), and did not rely on an improper factor or commit a clear error of judgment. *See United States v. Wohlman*, 651 F.3d 878, 887 (8th Cir. 2011).

Finally, we reject the argument that the government violated *Brady* by failing to disclose the victim-impact letter. Nothing in it was exculpatory or otherwise favorable to Czarnecki. *See United States v. Pendleton*, 832 F.3d 934, 940 (8th Cir. 2016) (explaining that the prosecution need not "disclose evidence that is neutral, speculative, or inculpatory").

---

[1]The Honorable Audrey G. Fleissig, United States District Judge for the Eastern District of Missouri.

We have also independently reviewed the record under *Penson v. Ohio*, 488 U.S. 75 (1988), and conclude that there are no other non-frivolous issues for appeal. Accordingly, we affirm the judgment and grant counsel permission to withdraw.

_____