# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 97-4162SD

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | On Appeal from the |
| v. | * | United States District |
| | * | Court for the District |
| | * | of South Dakota. |
| Alvin Ralph Mound, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: May 12, 1998

Filed: July 9, 1998

_____

Before RICHARD S. ARNOLD, JOHN R. GIBSON, and FAGG, Circuit Judges.

_____

RICHARD S. ARNOLD, Circuit Judge.

Alvin Ralph Mound was convicted of two counts of aggravated sexual abuse of a minor, in violation of 18 U.S.C. §§ 2241(c), 2246(2), two counts of aggravated sexual abuse, in violation of 18 U.S.C. §§ 2241(c), 2246(2), two counts of assault resulting in serious bodily injury, in violation of 18 U.S.C. § 113(a)(6), and one count of assault with a dangerous weapon, in violation of 18 U.S.C. § 113(a)(3). On appeal, he challenges the admission at trial of a prior conviction of child sexual abuse under Federal Rule of Evidence 413 (Evidence of Similar Crimes in Sexual Assault Cases). We affirm.

I.

Mound allegedly abused his daughter T.M. physically and sexually from 1993, when she was ten, through January 1997.  The alleged abuse included forced touching and intercourse and beating with an axe handle.

At trial, the government sought to introduce evidence of similar acts committed by Mound in 1987, namely the sexual abuse of two girls, ages 12 and 16.  Mound had pleaded guilty to the first offense, in return for which the government dropped its investigation of the second.  The District Court[1] admitted the conviction under Rule 413,[2] but excluded evidence of the uncharged offense.  The jury convicted Mound of all seven sexual abuse and assault charges.  He was sentenced to life imprisonment.

II.

Mound argues first that Federal Rule of Evidence 413 is unconstitutional.  Rule 413 provides in relevant part:

> In a criminal case in which the defendant is accused of an offense of sexual assault, evidence of the defendant's commission of another offense or offenses of sexual assault is admissible, and may be considered for its bearing on any matter to which it is relevant.

---

[1]The Hon. Charles B. Kornmann, United States District Judge for the District of South Dakota.

[2]Rule 414 (Evidence of Similar Crimes in Child Molestation Cases), a companion rule to Rule 413, addresses sexual offenses against children specifically.  However, the government offered, and the Court admitted, the evidence under Rule 413.  We therefore proceed with a discussion of Rule 413, though our analysis applies to Rule 414 also.

In considering evidence offered under Rules 413, 414, and 415, a trial court must still apply Rule 403, though in such a way as "to allow [the new rules their] intended effect." United States v. LeCompte, 131 F.3d 767, 769 (8th Cir. 1997). See also United States v. Sumner, 119 F.3d 658, 661 (8th Cir. 1997). The question is thus whether Rule 413, subject to the constraints of Rule 403, is constitutional. We hold that it is.

First, Rule 413 does not violate the Due Process Clause. To determine whether the rule fails "the due process test of fundamental fairness," we consider whether "the introduction of this type of evidence is so extremely unfair that its admission violates fundamental conceptions of justice." Dowling v. United States, 493 U.S. 342, 352 (1990) (citation omitted). Mound argues that it does, because it "authorizes the jury to overvalue character evidence, to punish a defendant for past acts and to convict the defendant for who he is, rather than for what he has done." Appellee's Br. at 24.

The Tenth Circuit recently addressed similar arguments in United States v. Enjady, 134 F.3d 1427 (10th Cir. 1998), holding that, subject to the protections of Rule 403, Rule 413 did not violate the Due Process Clause. The Court stated, "[t]hat the practice [of excluding prior bad acts evidence] is ancient does not mean it is embodied in the Constitution." Enjady, 134 F.3d at 1432. Discussing the Supreme Court's opinion in Spencer v. Texas, 385 U.S. 554 (1967), which rejected a due process challenge to Texas statutes allowing admission of prior convictions for similar offenses, it noted:

> One reason the majority in Spencer gave for upholding the validity of the Texas statutes was that "it has never been thought that [the Court's Due Process Clause fundamental fairness] cases establish this Court as a rule-making organ for the promulgation of state rules of criminal procedure." Rule 413 is a federal rule, of course, and most federal procedural rules are promulgated under the auspices of the Supreme Court and the Rules Enabling Act. But we must recognize that Congress has the ultimate

power over the enactment of rules, see 28 U.S.C. § 2074, which it exercised here.

Id. at 1432 (citation omitted). We too believe that it was within Congress's power to create exceptions to the longstanding practice of excluding prior-bad-acts evidence.

We also reject Mound's argument that Rule 413 is a violation of his equal-protection rights. Because Rule 413 does not "burden[] a fundamental right," and because sex-offense defendants are not a "suspect class," we must "uphold the legislative classification so long as it bears a rational relation to some legitimate end." Romer v. Evans, 517 U.S. 620, 631 (1996). Promoting the effective prosecution of sex offenses is a legitimate end. The legislative history of Rule 413 indicates good reasons why Congress believed that the rule was "justified by the distinctive characteristics of the cases it will affect." 140 Cong. Rec. H8991 (daily ed. Aug. 21, 1994) (statement of Rep. Molinari). These characteristics included the reliance of sex offense cases on difficult credibility determinations that "would otherwise become unresolvable swearing matches," as well as, in the case of child sexual abuse, the "exceptionally probative" value of a defendant's sexual interest in children. Id. "Appellate courts should not and do not try 'to determine whether [the statute] was the correct judgment or whether it best accomplishes Congressional objectives; rather, [courts] determine [only] whether Congress' judgment was rational.' " United States v. Buckner, 894 F.2d 975, 978 (8th Cir. 1990) (alterations in original) (citations omitted). We hold that Congress's judgment in enacting Rules 413, 414, and 415, was rational.

III.

We further hold that the District Court's application of Rule 413 and Rule 403 to admit the prior conviction in this case was not an abuse of discretion. See United States v. Ballew, 40 F.3d 936, 941 (8th Cir. 1994), cert. denied, 514 U.S. 1091 (1995).

The Court first addressed the issue in pretrial proceedings, but deferred ruling until it had heard the testimony of the alleged victim of the uncharged offense, which was the other similar-acts evidence offered, in closed proceedings. At that time, it found that evidence of the uncharged offense was inadmissible under Rule 403, but the prior conviction was admissible.

> [W]hile I find that this evidence is relevant, I find that its probative value is substantially outweighed by the danger of unfair prejudice. And I further find that it would simply confuse the issues in this case, none of which are similar to the case of the witness . . .. I do find that is not the case with regard to the previous conviction of this defendant and I'm going to allow the government to present that evidence in its case in chief as to the previous conviction which does deal with a child sexual abuse situation.

Tr. at 175. Before the conviction was introduced, through the testimony of an FBI agent, the judge issued a cautionary instruction to the jury:

> This defendant was convicted in 1988 of sexual abuse of a minor. This does not mean that he is guilty of any of the charges of aggravated sexual abuse or any other offense as to which he has pled not guilty in this case which you will be deciding. You may give such evidence and the testimony of this witness no weight or such weight as you think it is entitled to receive. . . . [T]his evidence is being received for a limited purpose only.

Tr. at 338-39.

Clearly, contrary to Mound's assertion, the Court was aware of its duty to apply Rule 403, and performed it. During the resolution of pre-trial motions, the Court said, "going back to . . . Rule 413 . . . I am clear to the effect that the Court needs to conduct

-5-

a balancing test under Rule 403." Tr. at 11. After hearing the testimony of the victim of the uncharged offense, it evaluated both this testimony and the prior conviction under Rule 403: though both were admissible evidence under Rule 413, only the conviction survived the Court's Rule 403 balancing.

Nor can we say that the Court erred in determining that the conviction satisfied Rule 403. The 1987 conviction was for sexual abuse of a 12-year-old girl by forced intercourse, conduct that was similar to the aggravated sexual abuse and assault charges against Mound in this case. In comparison, as the Court determined, the risk of unfair prejudice -- in light of Rule 413's "underlying legislative judgment . . . that [such evidence] is normally not outweighed by any risk of prejudice or other adverse effects," 140 Cong. Rec. H8992 -- was small. The Court found, "Federal Rule 403 . . . defines unfair prejudice as an undue tendency to suggest . . . a decision on an improper basis[,] commonly, though not necessarily, an emotional one . . .. The simple conviction does not go along those lines, whereas a type of incident as to which there was no prosecution and to which the facts are entirely different would, I think, get into that problem . . .." Tr. at 178. There is no evidence that the prior conviction presented any danger of unfair prejudice beyond that which "all propensity evidence in such trials presents," but is now allowed by Rule 413. LeCompte, 131 F.3d at 770. The Court's cautionary instruction to the jury further guarded against unfair prejudice.

It is true that the Court found the disputed evidence inadmissible under Rule 404(b). However, it was Congress's intent that "[t]he new rules . . . supersede in sex offense cases the restrictive aspects of Federal Rule of Evidence 404(b)." 140 Cong. Rec. H8991. Thus, there is no inherent error in admitting under Rule 413 evidence that would be inadmissible under Rule 404(b): that is the rule's intended effect.

We affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.