[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-10228
Non-Argument Calendar
_____

D.C. Docket No. 6:13-cr-00094-RBD-GJK-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JONATHAN DANIEL ADLETA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(January 29, 2015)

Before ED CARNES, Chief Judge, MARCUS, and WILLIAM PRYOR, Circuit
Judges.

PER CURIAM:

Jonathan Adleta was charged with two counts:  transporting a minor in interstate commerce for purposes of sexual activity and conspiracy to do the same. See 18 U.S.C. § 2423(a), (e).  A jury convicted him of both, and he now appeals that conviction.

He contends that the district court made a key evidentiary error.  It admitted evidence of similar crimes under Federal Rules of Evidence 413 and 414, which allow the unfettered use of certain similar crimes evidence against defendants accused of sexual assault or child molestation.  That evidence showed that Adleta had committed an uncharged sexual assault of a minor and had possessed child pornography.

Adleta does not contend that the district court violated those rules of evidence.  Instead, he argues that those rules violate his Fifth Amendment right to due process.  See U.S. Const. Amend. V.  The problem is that Adleta never objected on that basis in the district court.  There, he objected that Rules 413 and 414 did not apply to him and that the phrase "sexual activity" as used in the indictment was unconstitutionally vague.[1]  He never suggested that Rules 413 and

---

[1] Despite having preserved those two objections in the district court, Adleta has abandoned both on appeal by failing to brief either of them.  See Access Now, Inc. v. Sw. Airlines Co., 385 F.3d 1324, 1330 (11th Cir. 2004) ("[A] legal claim or argument that has not been briefed before the court is deemed abandoned and its merits will not be addressed."); United States v. Jernigan, 341 F.3d 1273, 1283 n.8 (11th Cir. 2003) ("[A] party seeking to raise a claim or issue on appeal must plainly and prominently so indicate.  Otherwise, the issue — even if properly preserved at trial — will be considered abandoned.") (emphasis added).

2

414 might be unconstitutional.  As a result, we review their constitutionality only for plain error.  See United States v. Rodriguez, 398 F.3d 1291, 1298 (11th Cir. 2005); see also United States v. Munoz, 430 F.3d 1357, 1373–75 (11th Cir. 2005) (reviewing the defendants' constitutional challenge to their sentences for plain error because they raised only evidentiary challenges before the district court).

Adleta has not shown that the district court committed plain error by failing to hold Rules 413 and 414 unconstitutional.  To do so, he must establish four conditions:  (1) there was an error; (2) it was plain; (3) it affected his substantial rights; and (4) it "seriously affect[ed] the fairness, integrity, or public reputation of judicial proceedings."  Rodriguez, 398 F.3d at 1298 (quoting United States v. Cotton, 535 U.S. 625, 631, 122 S. Ct. 1781, 1785 (2002)); see also United States v. Olano, 507 U.S. 725, 736–37, 113 S. Ct. 1770, 1779 (1993).  If Adleta were to establish those four conditions, we would still retain the discretion to correct the error or not.  Rodriguez, 398 F.3d at 1298.

We need not decide whether the district court erred by failing to invalidate Rules 413 and 414 because even assuming that it did (a dubious assumption), it did not plainly err.  The district court plainly erred only if binding authority required it to invalidate Rules 413 and 414 on due process grounds.  See United States v. Joseph, 709 F.3d 1082, 1096 (11th Cir. 2013) ("[A]t least where the explicit language of a statute or rule does not specifically resolve an issue, there can be no

3

plain error where there is no precedent from the Supreme Court or this Court directly resolving it.") (quotation marks omitted).  Adleta cites no binding authority supporting his position — neither from the Supreme Court nor from our Court.[2]  The district court committed no plain error by failing to hold that Rules 413 and 414 violated Adleta's right to due process under the Fifth Amendment.

**AFFIRMED.**

---

[2] Adleta does not even cite out-of-circuit authority holding that Rules 413 and 414 violate a defendant's right to due process.  The two decisions on point that he does cite both reject due process challenges to those rules.  See United States v. Mound, 149 F.3d 799, 800–01 (8th Cir. 1998); United States v. Castillo, 140 F.3d 874, 879–84 (10th Cir. 1998).