# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-20-00151-CR

---

**Emmanuel M Poulis, Appellant**

**v.**

**The State of Texas, Appellee**

---

### FROM THE 368TH DISTRICT COURT OF WILLIAMSON COUNTY
### NO. 16-1746-K368, THE HONORABLE RICK J. KENNON, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

Appellant Emmanuel Poulis was convicted by a jury of three counts of sexual assault of a child and sentenced to twenty years' confinement and a fine of $5,000 for each count. *See* Tex. Penal Code § 22.011(a)(2). The trial court ordered the sentences in Counts I and II to run concurrently and the sentence in Count III to run consecutively to those in Counts I and II. *See id*. § 3.03(b)(2). On appeal, Poulis contends that section 2[1] of article 38.37 of the Texas Code of Criminal Procedure is unconstitutional on its face and as applied under the United States Constitution and facially unconstitutional under the Texas Constitution. *See* Tex. Code Crim. Proc. arts. 38.37, § 2(b). We will affirm the judgments of conviction.

---

[1] Although Poulis alleges that "Article 38.37 of the Texas Code of Criminal Procedure is unconstitutional," we understand from the substance of appellant's brief and the record before us that Poulis specifically challenges the constitutionality of section 2 of the statute, concerning the admissibility of certain extraneous child sexual offenses, including for character-propensity purposes. *See* Tex. Code Crim. Proc. art. 38.37, § 2(b). At trial, pursuant to Article 38.37, the State offered, and the trial court admitted, evidence of extraneous offenses committed by Poulis.

## DISCUSSION[2]

In three issues, Poulis challenges the constitutionality of section 2 of article 38.37 (section 2), which applies to trials for certain sexual offenses, including sexual assault of a child, and "authorizes the admission of evidence showing that the defendant has committed a separate sexual offense, '[n]otwithstanding Rules 404 and 405, Texas Rules of Evidence, . . . for any bearing the evidence has on relevant matters, including the character of the defendant and acts performed in conformity with the character of the defendant.'" *Robisheaux v. State*, 483 S.W.3d 205, 210 (Tex. App.—Austin 2016, pet. ref'd) (quoting Tex. Code Crim. Proc. art. 38.37, § 2(b)). Before evidence may be admitted under section 2, the trial court must conduct a hearing outside the presence of the jury and determine whether "the evidence likely to be admitted at trial will be adequate to support a finding by the jury that the defendant committed the separate offense beyond a reasonable doubt." Tex. Code Crim. Proc. art. 38.37, § 2-a. Moreover, the State is required to give the defendant notice of its intent to introduce evidence under the section "not later than the 30th day before" trial. *Id*. art. 38.37, § 3. Article 38.37 "does not limit the admissibility of evidence of extraneous crimes, wrongs, or acts under any other applicable law." *Id*. art. 38.37, § 4. As such, evidence offered under section 2 is "limited by Rule 403's balancing test, which permits admission of evidence as long as its probative value is not substantially outweighed by its potential for unfair prejudice." *Bradshaw v. State*, 466 S.W.3d 875, 882 (Tex. App.—Texarkana 2015, pet. ref'd).

A statute may be challenged as unconstitutional either "on its face" or "as applied." *McCain v. State*, 582 S.W.3d 332, 346 (Tex. App.—Fort Worth 2018, no pet.). The

---

[2] Because the parties are familiar with the facts of the case, its procedural history, and the evidence adduced at trial, we do not recite them in this opinion except as necessary to advise the parties of the Court's decision and the basic reasons for it. *See* Tex. R. App. P. 47.1, .4.

2

party challenging the statute has the burden to establish its unconstitutionality. *State v. Rosseau*, 396 S.W.3d 550, 557 (Tex. Crim. App. 2013). In determining whether a statute is constitutional, we presume that it is valid and that the Legislature "did not act arbitrarily or unreasonably in enacting it." *Id*.; *see Ex parte Granviel*, 561 S.W.2d 503, 511 (Tex. Crim. App. 1978). If the statute is capable of two constructions, only one of which is constitutionally valid, we will "give to it the interpretation that sustains its validity." *Granviel*, 561 S.W.2d at 511.

## I.  Facial Constitutionality Under the Due Process Clause

In his first issue, Poulis contends that section 2 is facially unconstitutional under the Due Process Clause of the United States Constitution. *See* U.S. Const. amend. XIV, § 1. Specifically, Poulis asserts that section 2 "decimates the presumption of innocence, welcomes evidence known to be unfairly prejudicial, and invites juries to convict based not on evidence proving the charged conduct, but on the accused's character and propensity for sexual misconduct."

To prevail on a facial challenge, a party must establish that the challenged statute "always operates unconstitutionally, in all possible circumstances." *Rosseau*, 396 S.W.3d at 557; *see State ex rel. Lykos v. Fine*, 330 S.W.3d 904, 908 (Tex. Crim. App. 2011) (observing appellant facially challenging statute must prove that it "can never be constitutionally applied" to any defendant, "no matter what the individual facts and circumstances of the particular case"); *McCain*, 582 S.W.3d at 346 ("To call a statute unconstitutional 'on its face' is to claim that the statute, by its terms, always operates unconstitutionally."). In reviewing a facial challenge, we consider the statute "only as it is written, rather than how it operates in practice." *Lykos*, 330 S.W.3d at 908. Given the challenger's heavy burden and the presumption of statutory

3

validity, such challenges are "extremely difficult to prove." *Id*. at 909; *see Santikos v. State*, 836 S.W.2d 631, 633 (Tex. Crim. App. 1992) ("A facial challenge to a statute is the most difficult challenge to mount successfully because the challenger must establish that no set of circumstances exists under which the statute will be valid.")

"The Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In re Winship*, 397 U.S. 358, 364 (1970); *see United States v. O'Brien*, 560 U.S. 218, 237 n.4 (2010). "[T]he essential guarantee of the due process clauses is that the government may not imprison or otherwise physically restrain a person except in accordance with fair procedures." *Long v. State*, 742 S.W.2d 302, 320 (Tex. Crim. App. 1987), *overruled on other grounds by Briggs v. State*, 789 S.W.2d 918 (Tex. Crim. App. 1990). To establish a due process violation, the appellant must show that "the challenged statute or rule violates those 'fundamental conceptions of justice which lie at the base of our civil and political institutions and which define the community's sense of fair play and decency.'" *Belcher v. State*, 474 S.W.3d 840, 844 (Tex. App.—Tyler 2015, no pet.) (quoting *Dowling v. United States*, 493 U.S. 342, 352–53 (1990)).

We previously addressed the facial constitutionality of section 2 under the Due Process Clause in *Robisheaux v. State*, 483 S.W.3d 205. Like the appellant in that case, much of Poulis' argument concerns "how character-propensity evidence has historically been held to be inadmissible out of concern that a defendant might be convicted based on that evidence rather than the evidence pertaining to the charged offense." *Id*. at 210. In *Robisheaux*, we surveyed at length decisions from two of our sister courts, *see Belcher*, 474 S.W.3d at 846–47; *Harris v. State*, 475 S.W.3d 395, 403 (Tex. App.—Houston [14th Dist.] 2015, pet. ref'd)), and "agree[d]

with the[ir] holdings and analyses," which "concluded that the statutory provision is constitutional and does not violate defendants' due-process rights," *Robisheaux*, 483 S.W.3d. at 210–13.

Addressing courts' traditional reluctance to admit propensity evidence, we emphasized that although "[t]he ban against propensity evidence in our jurisprudence is over three hundred years old," *Belcher*, 474 S.W.3d at 844, "just because 'the practice is ancient does not mean that it is embodied in the Constitution,'" *Robisheaux*, 483 S.W.3d at 211 (quoting *United States v. Enjady*, 134 F.3d 1427, 1432 (10th Cir. 1998)). "[O]ver the last 100 years every state has allowed, through the adoption of rules like Texas Rule of Evidence 404 or by judicial determination, prosecutors 'to introduce prior bad act evidence, including sexual misconduct' for limited purposes such as 'proof of motive, opportunity, intent, identity, or absence of mistake or accident.'" *Id*. (quoting *Belcher*, 474 S.W.3d at 844). What is more, the "ban" on propensity evidence has become increasingly anachronistic; as of 2012, thirty-three states and the District of Columbia allowed "evidence of the defendant's prior sexual abuse of a child as propensity evidence in a trial for sexual abuse of children." *Belcher*, 474 S.W.3d at 845.

We next summarized the *Belcher* and *Harris* courts' comparisons of article 38.37 to Federal Rules of Evidence 413 and 414, noting that federal courts had determined that neither rule was violative of due process. *Robisheaux*, 483 S.W.3d at 211–13; *see Belcher*, 474 S.W.3d at 845–46 (discussing *United States v. LeMay*, 260 F.3d 1018, 1027 (9th Cir. 2001), *United States v. Castillo*, 140 F.3d 874, 883 (10th Cir. 1998), and *United States v. Mound*, 149 F.3d 799, 800–01 (8th Cir. 1998)); *see also* Fed. R. Evid. 413, 414. In particular, the *Belcher* court

explained that Rule 414,[3] which, although "more narrowly drawn" has "virtually the same effect" as section 2, was found to be constitutional "because of the protection provided by Federal Rule of Evidence 403.[4]" *Belcher*, 474 S.W.3d at 845–47. The *Belcher* court concluded that "[t]he policy concerns that served to justify the federal decision to admit propensity evidence in child molestation cases are equally applicable to state prosecutions." *Id.* at 847.

Lastly, we agreed with the conclusions of our sister courts in *Harris* and *Baez v. State*, 486 S.W.3d 592, 600 (Tex. App.—San Antonio 2015, pet. ref'd), that section 2 does not "lessen [a defendant]'s presumption of innocence" or alter the State's burden of proof. *Robisheaux*, 483 S.W.3d at 213–14 (quoting *Harris*, 475 S.W.3d at 402).[5] Section 2 "does not allow extraneous-offense evidence to be offered as substantive evidence of guilt, and "[t]he State must still satisfy its burden of proof as to each element of the crime." *Baez*, 486 S.W.3d at 600.

---

[3] Rule 414 provides, "In a criminal case in which a defendant is accused of child molestation, the court may admit evidence that the defendant committed any other child molestation. The evidence may be considered on any matter to which it is relevant." Fed. R. Evid. 414(a).

[4] "Federal Rule of Evidence 403 is materially identical to Texas Rule of Evidence 403." *Tamez v. State*, 11 S.W.3d 198, 200 (Tex. Crim. App. 2000). Texas Rule of Evidence 403 permits a trial court to exclude relevant evidence "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, or needlessly presenting cumulative evidence." Tex. R. Evid. 403.

[5] In subsequent cases, our sister courts have agreed with this determination. *See Bezerra v. State*, 485 S.W.3d 133, 139 (Tex. App.—Amarillo 2016, pet. ref'd) (observing that the *Harris* court "correctly indicated that article 38.37, section 2(b), does not lessen appellant's presumption of innocence nor reduce the State's burden of proof"); *Caston v. State*, 549 S.W.3d 601, 611 (Tex. App.—Houston [1st Dist.] 2017, no pet.) ("[S]ection 2(b) does not lessen a defendant's presumption of innocence, and it does not alter the State's burden of proof."); *Buxton v. State*, 526 S.W.3d 666, 688–89 (Tex. App.—Houston [1st Dist.] 2017, pet. ref'd) ("We agree with our sister courts that have addressed this issue and hold that section 2(b) does not lessen the presumption of innocence or the State's burden of proof and therefore does not violate a defendant's due process rights.").

6

"[T]he quantum of evidence remains the same both before and after the enactment of article 38.37. No element is eliminated from the offense to be proved; neither is the amount or measure of proof necessary for conviction reduced, altered, or lessened." *Id*. (quoting *McCulloch v. State*, 39 S.W.3d 678, 684 (Tex. App.—Beaumont 2001, pet. ref'd)); *see also Dominguez v. State*, 467 S.W.3d 521, 526 (Tex. App.—San Antonio 2015, pet. ref'd) (determining that section 2 "neither changes the State's burden of proof to support a conviction for sexual assault of [a] child nor lessens the amount of evidence required to sustain a conviction").

Poulis notes that he is "aware" of *Robisheaux*, which he states, "decided that the statute's preservation of Rule 403 ensured due process because it is a mechanism for exclusion of prejudicial evidence."[6] He argues, however, that *Robisheaux* was "wrongly decided" because we "failed to appreciate that Rule 403 only works with Rule 404(b)" and, without the latter, "does not operate to exclude propensity evidence at all."

Explaining his reasoning, Poulis insists that section 2 "eliminat[es] Rule 404(b)" and leaves nothing for the trial court to weigh in conducting a balancing test under Rule 403, as "every consideration [is] piled up in favor of admission." He predicates the contention upon a belief that Rule 403 "does nothing to exclude propensity evidence" because "[n]o trial court can exclude [it] on account of" the dangers listed in the Rule. Under section 2, he asserts, "a propensity rationale is never improper, confusing, distracting, or undue." In part, his argument

---

[6] We disagree with Poulis' characterization of our holding in *Robisheaux*, which takes too narrow a reading of our reasoning in that case. In the portion of *Robisheaux* concerning the constitutionality of article 38.37, we surveyed our sister courts' holdings in *Belcher* and *Harris* and agreed with their holdings and analyses, including those with respect to the erosion of the historical prohibition against character evidence, the role of Rule 403, the existence of additional statutory procedural safeguards, and the preservation of the presumption of innocence and State's burden of proof. *Robisheaux v. State*, 483 S.W.3d 205, 210–13 (Tex. App.—Austin 2016, pet. ref'd).

appears to stem from an understanding that propensity evidence is *per se* unfairly prejudicial. He alleges that section 2 "mandates the introduction of evidence known to the judiciary (and to lawmakers) to be unfairly prejudicial."

Much of Poulis' argument is made without supporting authority. Still, in arguing that section 2 renders a prejudice analysis under Rule 403 ineffective, Poulis cites *State v. Cox*, 781 N.W.2d 757, 758 (Iowa 2010), in which the Supreme Court of Iowa, basing its decision in part on "Iowa's history," held that the Iowa Constitution prohibited the admission of extraneous offenses "based solely on general propensity." *Id*. at 768. The court in that case found that a balancing test substantively similar to that found in Rule 403 failed to mitigate the risks of admitting propensity evidence because "that which makes the evidence more probative—the similarity of the prior act to the charged act—also makes it more prejudicial." *Id*. at 769.

Like Poulis, the appellant in *Robisheaux* highlighted *Cox* in arguing that section 2 is facially unconstitutional. 483 S.W.3d at 210.[7] While we acknowledged the holding in that case, we declined to adopt its reasoning, instead joining our sister courts' determinations in *Belcher* and *Harris*. *Id*.; *see Perez v. State*, 562 S.W.3d 676, 688 (Tex. App.—Fort Worth 2018, pet. ref'd) ("Perez points to decisions issued by courts in other states declaring similar statutes unconstitutional, . . . but we are not persuaded by their reasoning."). Aside from the out-of-state decisions in *Cox* and *State v. Ellison*, 239 S.W.3d 603 (Mo. 2007), *abrogated by constitutional*

---

[7] Similarly, both Poulis and Robisheaux cite *State v. Ellison*, 239 S.W.3d 603 (Mo. 2007), *abrogated by constitutional amendment as recognized in State v. Williams*, 548 S.W.3d 275, 280 (Mo. 2018), in which the Supreme Court of Missouri, basing its decision on two clauses in the Missouri Constitution together protecting "the right to be tried only on the offense charged," noted that "[e]vidence of prior criminal acts is *never* admissible for the purpose of demonstrating the defendant's propensity to commit the crime with which he is presently charged." *Id*. at 605–06. In 2014, Missouri added a clause to its constitution "with the evident purpose of abrogating *State v. Ellison* . . . and its progeny." *Williams*, 548 S.W.3d at 280.

*amendment as recognized in State v. Williams*, 548 S.W.3d 275, 280 (Mo. 2018), rejected in *Robisheaux*, Poulis fails to provide persuasive authority demonstrating that the balancing test in 403 is unworkable as applied to propensity evidence.

To the extent that Poulis contends that propensity evidence is inherently *unfairly* prejudicial, we are likewise unpersuaded. The cases he cites in support of the argument, *see Old Chief v. United States*, 519 U.S. 172, 191 (1997) (holding district court abuses its discretion if it rejects defendant's offer to stipulate to prior felony offense in trial for possession of firearm by felon); *Boyd v. United States*, 142 U.S. 450, 458 (1892) (holding evidence of extraneous robberies was inadmissible to prove identity or "for any other purpose whatever"), are grounded in the common law reluctance to admit propensity evidence, which, as discussed above, has largely been eroded at both the federal and state levels. And as Poulis admits, the Supreme Court has not directly held that propensity evidence violates a defendant's right to due process. *See Perez*, 562 S.W.3d at 687 ("[T]he right to a trial free of extraneous-offense evidence is not equivalent to the recognized fundamental right to a fair trial."); *Harris*, 475 S.W.3d at 401 ("Appellant has failed to cite to any controlling authority providing that he has a fundamental right to a trial free from the introduction of extraneous offense evidence."). In the absence of such a recognized liberty interest, section 2 supersedes both the common law prohibition against propensity evidence, as well as its codification in Rule 404(b). *See Hitt v. State*, 53 S.W.3d 697, 704–05 (Tex. App.—Austin 2001, pet. ref'd) (recognizing that "[a]n evidentiary statute trumps a rule of evidence adopted by the courts" and that "section 2 supersedes in certain sexual abuse cases the application of Texas Rules of Evidence 402 and 404").

Rather, we continue to follow our holding in *Robisheaux* and join our sister courts in concluding that Rule 403 provides an adequate safeguard against the due-process violations

9

alleged in those cases and reiterated by Poulis here. *See Belcher*, 474 S.W.3d at 846 ("Texas Rule of Evidence 403, like its federal counterpart, protects the defendant against the admission of evidence that is so prejudicial as to deprive the defendant of a fair trial."); *see also Harty v. State*, 552 S.W.3d 928, 934 (Tex. App.—Texarkana 2018, no pet.) (finding *Belcher*'s reasoning persuasive); *Caston v. State*, 549 S.W.3d 601, 610 (Tex. App.—Houston [1st Dist.] 2017, no pet.) ("In determining that section 2(b) does not violate the due process clause, courts have emphasized that the procedural safeguards present in the statute itself, as well as the protections of Rule 403, are adequate to ensure that a defendant receives a fair trial."); *Distefano v. State*, 532 S.W.3d 25, 38 (Tex. App.—Houston [14th Dist.] 2016, pet. ref'd) (observing "the trial court still is required to conduct a Rule 403 balancing test upon proper objection or request and still can exclude the evidence under Rule 403"). Indeed, "because evidence of prior sexual abuse of children [is] especially probative of [the defendant's] propensity to sexually assault children, the Rule 403 balancing test normally will not favor the exclusion of the defendant's prior sexual assaults of children." *Caston*, 549 S.W.3d at 612 (internal quotation marks omitted).

Finally, Poulis argues that section 2 violates the rule set forth in the Texas Court of Criminal Appeals' decision in *Fuller v. State*, 829 S.W.2d 191 (Tex. Crim. App. 1992), *abrogated on other grounds as recognized in Castillo v. State*, 913 S.W.2d 529, 534 n.2 (Tex. Crim. App. 1995), that evidentiary rules are fundamentally unfair when, "without a rational basis, they disadvantage the defendant more severely than they do the State." *Id*. at 208.

To the extent that section 2 disproportionately disadvantages the defendant, it does so with a rational basis. "In enacting Section 2(b) of the Texas Code of Criminal Procedure, the Legislature recognized that the rule would 'bring the Texas Rules of Evidence closer to the Federal Rules of Evidence, specifically Federal Rule 413(a), which allows evidence

of previous sexual assault cases to be admitted at trial.'" *Harris*, 475 S.W.3d at 401 (quoting Senate Comm. on Criminal Justice, Bill Analysis, Tex. S.B. 12, 83d Leg., R.S. (2013)). Section 2 was enacted "to give prosecutors additional resources to prosecute sex crimes committed against children" due to the "nature of these heinous crimes and the importance of protecting children from sexual predators." *Id*. The Legislature determined that such a tool was necessary given the challenges present in prosecuting child sexual offenses:

> Prosecuting sex crimes committed against children can be difficult due to the physical and emotional trauma suffered by the victims. This can result in long delays in reporting these crimes during which physical evidence can deteriorate or be destroyed. Often the only evidence at a trial may be the testimony of the traumatized child. Children often are targeted for these crimes, in part because they tend to make poor witnesses.

*Id*.

Additionally, the Texas Court of Criminal Appeals has recognized that trials for sexual assault:

> may raise particular evidentiary and constitutional concerns because the credibility of both the complainant and defendant is a central, often dispositive, issue. Sexual assault cases are frequently "he said, she said" trials in which the jury must reach a unanimous verdict based solely upon two diametrically different versions of an event, unaided by any physical, scientific, or other corroborative evidence.

*Hammer v. State*, 296 S.W.3d 555, 561–62 (Tex. Crim. App. 2009). Thus, "as a society and a legal system, we have recognized that the unique nature of sexual assault crimes justifies the admission of extraneous-offense evidence, even though traditional notions of due process generally caution against the admission of such evidence." *Perez*, 562 S.W.3d at 687; *see Gaytan v. State*, 331 S.W.3d 218, 228 (Tex. App.—Austin 2011, pet. ref'd) (holding that

11

evidence that defendant had committed extraneous sexual offenses against two other children was "straightforward and directly relevant to the only issue in the case, namely whether [the defendant] abused" complainant); *Jenkins v. State*, 993 S.W.2d 133, 136 (Tex. App.—Tyler 1999, pet. ref'd) ("The special circumstances surrounding the sexual assault of a child victim outweigh normal concerns associated with evidence of extraneous acts."). Accordingly, we conclude that section 2 does not disadvantage the defense more severely than the State without a rational basis and therefore is not fundamentally unfair.

For the foregoing reasons, we hold that Poulis has failed to demonstrate that section 2 is facially unconstitutional under the Due Process Clause. We overrule his first issue.

## II. "As Applied" Unconstitutionality Under the Due Process Clause

In his second issue, Poulis contends that section 2 is unconstitutional as applied to the circumstances of his trial because the extraneous-offense witness testified first, prior to the introduction of any evidence concerning the charged offenses.[8] He alleges that by presenting A.P. as its first witness, the State "upended the fundamental order of trial," thereby lessening the State's burden of proof and violating the Due Process Clause. He also maintains that the State could simply have rested after offering A.P.'s testimony, as "it is difficult to believe any jury would really care much about the evidence proving [he] committed the offense[s] for which he was charged."

---

[8] Poulis was initially indicted for offenses committed against his two daughters, A.P. and E.P. *See* Tex. R. App. P. 9.10(a)(3) (providing that names of persons who were minors at time offense was committed is "sensitive data," which may be withheld in interest of privacy). The offenses for which A.P. was the alleged victim were severed prior to trial, and Poulis was tried solely for offenses against E.P. A.P., however, was the first witness presented by the State.

An "as applied" challenge to a statute argues that the claimant's particular circumstances render the statute unconstitutional as to him. *McCain*, 582 S.W.3d at 346; *see Lykos*, 330 S.W.3d at 910 ("A litigant raising only an 'as applied' challenge concedes the general constitutionality of the statute, but asserts that the statute is unconstitutional as applied to his particular facts and circumstances."). Such a litigant must show that, "in its operation, the challenged statute was unconstitutionally applied to him; that it may be unconstitutional as to others is not sufficient (or even relevant)." *Lykos*, 330 S.W.3d at 910.

Poulis provides no controlling (or any) authority directly bearing on his as-applied challenge. As he explains, "The concepts of case-in-chief, extraneous bad acts and rebuttal are so fundamental that courts are rarely called upon to reiterate them. There is scant case law on this point because there has never been a statute that strikes so deep into the bedrock principles of trial order."[9] At trial, during a bench conference outside the presence of the jury, he made a similarly conclusory argument:

> DEFENSE: Well, I'm speaking to the motion to sever. They're beginning the trial with extraneous bad acts that are extraneous to evidence they haven't introduced. I don't think that –
>
> THE COURT: I'm not following anything you're saying.
>
> DEFENSE: I think – he's not accused of sexually abusing [A.P.]. Their first witness is the extraneous bad act. Their first witness.
>
> THE COURT: Okay. And under 38.37, they're allowed to present evidence of extraneous bad acts if they meet all the requirements of 38.37.

---

[9] To the contrary, "[a]lthough the indictment binds the State to proving the specific offense alleged beyond a reasonable doubt, it does not limit the manner, method, or type of evidence the State may introduce." *Distefano v. State*, 532 S.W.3d 25, 38–39 (Tex. App.— Houston [14th Dist.] 2016, pet. ref'd). While the State may assume a risk by presenting extraneous-offense evidence at the opening of its case-in-chief, we have found no authority holding that it may not do so.

13

DEFENSE: I mean –

THE COURT: It doesn't say that you can't call that witness first.

DEFENSE: They've got to – they have to produce some evidence before you produce extraneous evidence.

. . .

THE COURT: Where is that?

DEFENSE: That is – I am going to research that this weekend, but that's the language of the rules. That's why we call it "extraneous." What does "extraneous" do – if I'm introducing extraneous evidence as my case in chief, where is the case in chief? Under this logic, they could produce [A.P.], and then, I guess, rest.

However, as the trial court correctly noted, while such an action by the State would be permissible, "they would likely get a directed verdict of not guilty." *See Baez*, 486 S.W.3d at 600 (observing that "section 2(b) does not allow extraneous offense evidence to be offered as substantive evidence of guilt. The State must still satisfy its burden of proof as to each element of the offense"); *Ryder v. State*, 514 S.W.3d 391, 401 (Tex. App.—Amarillo 2017, pet. ref'd) (agreeing with State's "characterization of its burden" that it "still has to prove each element of the offenses charged, and this cannot be achieved by the offering of an extraneous offense alone").

An appellant must cite authority in support of a claim to present it properly for review. *See Rocha v. State*, 16 S.W.3d 1, 20 (Tex. Crim. App. 2000) ("An argument that fails to cite supporting authority presents nothing for review."). A bare claim of a due process violation, "with nothing else, is conclusory," *Bohannan v. State*, 546 S.W.3d 166, 179 (Tex. Crim. App. 2017) (citing Tex. R. App. P. 38.1(i)), and "[a] point of error that is improperly briefed presents nothing for review," *Leach v. State*, 35 S.W.3d 232, 234 (Tex. App.—Austin 2000, no pet.)).

Although Poulis may certainly make a novel argument "for which there is no authority directly on point," he must "ground his contention in analogous case law or provide the Court with the relevant jurisprudential framework for evaluating his claim." *Tong v. State*, 25 S.W.3d 707, 710 (Tex. Crim. App. 2000). He has not done so here. Consequently, we overrule his second issue.

## III.    Separation of Powers

In his third issue, Poulis contends that article 38.37 violates the principle of separation of powers enshrined in Article II, Section 1 of the Texas Constitution and is "an unconstitutional incursion into judicial discretion."[10] *See* Tex. Const. art. II, § 1. Insomuch as his argument concerns section 2,[11] it appears to be grounded in the same misinterpretation of the provision rejected above. He claims that under the statute, "a trial court is required to admit propensity and character conformity evidence it knows to be unfairly prejudicial," thereby "eviscerat[ing] a core judicial power to conduct fair trials."

Article II of the Texas Constitution provides:

> The powers of the Government of the State of Texas shall be divided into three distinct departments, each of which shall be confided to a separate body of magistracy, to wit: Those which are Legislative to one; those which are Executive to another, and those which are Judicial to another; and no person, or collection of persons, being of one of these departments, shall exercise any power properly attached to either of the others, except in the instances herein expressly permitted.

---

[10]    We understand Poulis' third issue to be a facial challenge to the constitutionality of article 38.37.

[11]    While we understand from the record and Poulis' brief that his first two issues challenge section 2, in his third issue he refers solely to "Article 38.37." The State appears to understand the third issue as a challenge to section 1 of the article. Liberally construing Poulis' brief, we will address the constitutionality of both sections. *See* Tex. R. App. P. 38.9.

*Id.* The Texas Court of Criminal Appeals has held that "'core judicial power' embraces the power (1) to hear evidence; (2) to decide the issues; (3) to decide the relevant questions of law; (4) to enter a final judgment on the facts and the law; and (5) to execute the final judgment or sentence.'" *Ex parte Lo*, 424 S.W.3d 10, 29 (Tex. Crim. App. 2013). To establish a violation under Article II, section 1, an appellant must show "that one department has assumed, or has been delegated, to whatever degree, a power that is more 'properly attached' to another, or that one department has so unduly interfered with the functions of another that the other department cannot effectively exercise its constitutionally assigned powers." *Wilkerson v. State*, 347 S.W.3d 720, 724 (Tex. App.—Houston [14th Dist.] 2011, pet. ref'd).

We have previously found that the enactment of article 38.37 "is entirely consistent with the concept of limited delegation articulated in the state constitution and the government code." *Hitt*, 53 S.W.3d at 705 (concerning prior version of statute, now codified at section 1 of article 38.37); *see Jenkins*, 993 S.W.2d at 136 (observing that while admission of propensity evidence is generally prohibited under Rule 404(b), "our Legislature has chosen to make a specific and limited exception to this prohibition"). The Texas Constitution specifically authorizes the Legislature to write rules of evidence and permits a partial delegation of that evidentiary rule-making authority to the judiciary. *Hitt*, 53 S.W.3d at 704 (citing Tex. Const. art. V, § 31(c)); *see* Tex. Gov't Code §§ 22.108, .109. Article 38.37 is "an evidentiary rule, enacted by the legislature, limited to certain designated offenses." *Hitt*, 53 S.W.3d at 705.

In concluding that section 2 does not violate the principle of separation of powers, we find our sister court's analysis in *Distefano* persuasive. *See Distefano*, 532 S.W.3d at 35–37. Like Poulis, the defendant in *Distefano* alleged that section 2 violated the separation of powers doctrine by "requiring a trial court to admit evidence of extraneous offenses" and that it

"supplanted 'or unduly abridged' the judiciary's decision making power to exclude extraneous offense evidence." *Id*. at 35–36.

As noted above, section 2 provides in relevant part that propensity evidence in child sexual offense cases "*may* be admitted . . . for any bearing the evidence has on relevant matters," after a hearing. Tex. Code Crim. Proc. art. 38.37, §§ 2(b), 2-a (emphasis added). "It does not state that the evidence 'shall be' or 'must be' admitted." *Distefano*, 532 S.W.3d at 36. Moreover, "the trial court still is required to conduct a Rule 403 balancing test upon proper objection or request and still can exclude the evidence under Rule 403." *Id*. at 37 (citing *Belcher*, 474 S.W.3d at 847–48). Given the Legislature's use of the term "may" and section 2's safeguards, the *Distefano* court concluded that the Legislature intended to establish "a discretionary procedure allowing, but not requiring, the trial court to admit extraneous offense evidence under section 2 after it conducts a hearing and makes the proper determination." *Id*. at 36 (citing *Ford v. State*, 305 S.W.3d 530, 539 (Tex. Crim. App. 2009)). The court concluded, "As the trial court has discretion under the statute to admit or exclude the evidence, section 2 does not infringe on the trial court's decision making power." *Id*. We agree that section 2 does not mandate the admission of propensity evidence in violation of judicial discretion under the doctrine of separation of powers.

Section 1(b) of article 38.37 (section 1), by contrast, provides:

> Notwithstanding Rules 404 and 405, Texas Rules of Evidence, evidence of other crimes, wrongs, or acts committed by the defendant against the child who is the victim of the alleged offense shall be admitted for its bearing on relevant matters, including:
>
> (1) the state of mind of the defendant and the child; and
>
> (2) the previous and subsequent relationship between the defendant and the child.

Tex. Code Crim. Proc. art. 38.37, § 1(b).

However, as in section 2, evidence admissible under section 1 "may be excluded under Rule 403 if its probative value is substantially outweighed by the danger of unfair prejudice." *Martin v. State*, 176 S.W.3d 887, 895 (Tex. App.—Fort Worth 2005, no pet.); *see* Tex. Code Crim. Proc. art. 38.37, § 4 (providing article does not limit admissibility under any other applicable law). What the *Distefano* court noted about section 2 could as easily apply to section 1: "the statute restricts the application of Rules 404 and 405, not Rule 403." *Distefano*, 532 S.W.3d at 36. By being subject to Rule 403, section 1 affords the trial court discretion to exclude unfairly prejudicial propensity evidence. As the Thirteenth Court of Appeals explained in an unpublished decision:

> We also conclude that article 38.37, § 1 does not violate the separation of powers clause because the trial court retains a degree of discretion in admitting evidence. It is true that article 38.37, § 1 mandates that certain evidence "shall" be admitted; however, § 1 also states that such evidence may only be admitted "for its bearing on relevant matters." Thus, even though article 38.37, § 1 allows for evidence to be admitted despite Rules 404 and 405, a trial court could still potentially exclude the evidence after conducting a Rule 403 balancing test.

*Arriaga v. State*, No. 13-18-00583-CR, 2019 WL 3331637, at *3 (Tex. App.—Corpus Christi–Edinburg July 25, 2019, pet. ref'd) (mem. op., not designated for publication). We agree with our sister court's reasoning.

We conclude that neither section of article 38.37 violates the doctrine of separation of powers by mandating that trial courts admit unfairly prejudicial evidence. Under both sections, the trial court retains discretion to exclude evidence and is not thereby stripped of a core judicial power. We overrule Poulis' third issue.

## CONCLUSION

Having overruled each of Poulis' issues, we affirm the judgments of the trial court.

_____

Melissa Goodwin, Justice

Before Justices Goodwin, Triana, and Kelly

Affirmed

Filed:   February 25, 2022

Do Not Publish