**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

v.

CHARLES PORTER,

*Defendant-Appellant*.

No. 22-10286

D.C. No.
1:21-cr-00042-
JLT-SKO-1

OPINION

Appeal from the United States District Court
for the Eastern District of California
Jennifer L. Thurston, District Judge, Presiding

Argued and Submitted August 21, 2024
San Francisco, California

Filed November 15, 2024

Before:  Marsha S. Berzon, Daniel A. Bress, and Lawrence
VanDyke, Circuit Judges.

Opinion by Judge Bress

# SUMMARY[*]

## Criminal Law

The panel affirmed Charles Porter's conviction for various sexual assault offenses in Yosemite National Park in a case in which the panel addressed whether Federal Rule of Evidence 413, which allows propensity evidence in federal criminal sexual assault cases, violates the Fifth Amendment Due Process Clause.

Rule 413 provides that "[i]n a criminal case in which a defendant is accused of a sexual assault, the court may admit evidence that the defendant committed any other sexual assault."

In *United States v. Lemay*, 260 F.3d 1018 (9th Cir. 2001), this court rejected a facial challenge to Federal Rule of Evidence 414, the analogous rule allowing evidence of prior child molestation in a criminal case charging that offense. *Lemay* held that as long as the protections of Federal Rule of Evidence 403 remain in place so that district judges retain the authority to exclude potentially devastating evidence, Rule 414 is constitutional.

The panel held that this court's decision in *Lemay*—whose logic extends to Rule 413—compels rejection of Porter's challenge. When district courts retain discretion to exclude unduly prejudicial evidence under Rule 403, Rule 413 is constitutional.

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

The panel emphasized that Rule 413, like Rule 414, is not a blank check entitling the government to introduce whatever evidence it wishes. In a concurrently filed memorandum disposition, the panel explained that the district court conscientiously evaluated appropriate factors and did not abuse its discretion in allowing Rule 413 testimony subject to an appropriate limiting instruction.

**COUNSEL**

Nirav K. Desai (argued) and Angela L. Scott, Assistant United States Attorneys; Camil A. Skipper, Assistant United States Attorney, Appellate Chief; Phillip A. Talbert, United States Attorney; United States Department of Justice, Office of the United States Attorney, Sacramento, California; Kimberly A. Sanchez, Assistant United States Attorney; United States Department of Justice, Office of the United States Attorney, Fresno, California; for Plaintiff-Appellee.

Benjamin P. Lechman (argued), Law Offices of Benjamin P. Lechman Esq., Los Angeles, California, for Defendant-Appellant.

# OPINION

BRESS, Circuit Judge:

Under Federal Rule of Evidence 413, "[i]n a criminal case in which a defendant is accused of a sexual assault, the court may admit evidence that the defendant committed any other sexual assault." We are asked to decide whether this rule allowing propensity evidence in federal criminal sexual assault cases violates the Fifth Amendment's Due Process Clause. Consistent with our precedent and that of other circuits, we hold that Rule 413 is constitutional.

## I

In April 2020, Charles Porter, who worked in Yosemite National Park, tried to anally rape T.D., another male park employee, in Yosemite staff housing. Porter was charged with various sexual assault offenses within the territorial jurisdiction of the United States. *See* 18 U.S.C. §§ 113(a)(1)–(2), 113(a)(4), 2241(a)(1), 2244(b).

T.D. testified at trial that Porter, who was heavily intoxicated, entered T.D.'s cabin in the evening and forced himself on T.D., who fought back as Porter pinned T.D. down and tried to penetrate him. T.D.'s neighbors corroborated that T.D. emerged from the cabin screaming for help and struggling with Porter. Porter, who testified at trial, claimed that T.D. was the aggressor.

Over Porter's objection, the district court permitted Porter's ex-girlfriend, A.H., to testify pursuant to Federal Rule of Evidence 413. The district court did so only after carefully evaluating under Rule 403 whether the probative value of A.H.'s testimony was substantially outweighed by a danger of unfair prejudice. The district court found that a

jury could conclude that Porter had sexually assaulted A.H., and that given the sufficient similarities between Porter's assaults on A.H. and T.D., which occurred close enough in time, A.H.'s testimony was "highly relevant" and not unduly prejudicial. The district court further determined that A.H.'s testimony could corroborate T.D.'s account, of which T.D. and Porter were the only direct witnesses.

When A.H. took the stand, the district court instructed the jury as follows:

> You are about to hear evidence that the defendant may have committed a similar offense of sexual assault. You may use this evidence to decide whether the defendant committed the act charged in the indictment. You may not convict the defendant simply because he may have committed other unlawful acts. You may give this evidence such weight as you think it should receive or no weight.

A.H. then testified that during her eighteen-month relationship with Porter, which began in the spring of 2014, Porter had often engaged in forcible nonconsensual sex with her over her objections, including unwanted anal sex and other assaultive behavior. A.H. had not reported this behavior to authorities at the time.

The jury found Porter guilty on all counts. The district court sentenced Porter to 148 months imprisonment.

## II

The usual rule is that a criminal defendant's prior crimes or bad acts cannot be admitted to show he had the propensity

to commit the charged offense.  There is a shared sense that this type of character evidence can be probative, in that prior misconduct "might logically be persuasive" to show that the defendant "is by propensity a probable perpetrator of the crime." *Old Chief v. United States*, 519 U.S. 172, 181 (1997) (quoting *Michelson v. United States*, 335 U.S. 469, 475 (1948)).  But the prejudice associated with allowing this "concededly relevant evidence"—that it will "'weigh too much with the jury and . . . so overpersuade them as to prejudge one with a bad general record'"—has been thought too great.  *Id.* at 180–81 (quoting *Michelson*, 335 U.S. at 476).  Federal Rule of Evidence 404(b) encapsulates this view.  It provides that "[e]vidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."  Fed. R. Evid. 404(b)(1).

In 1994, Congress enacted exceptions to Rule 404(b) for sexual assault and child molestation offenses in Federal Rules of Evidence 413, 414, and 415.  *See* Violent Crime Control and Law Enforcement Act of 1994, Pub. L. No. 103-332, § 320935(a), 108 Stat. 1796, 2135–37; *United States v. Sioux*, 362 F.3d 1241, 1244 (9th Cir. 2004).  Rule 413, the rule at issue in this case, provides that "[i]n a criminal case in which a defendant is accused of a sexual assault, the court may admit evidence that the defendant committed any other sexual assault.  The evidence may be considered on any matter to which it is relevant."  Fed. R. Evid. 413(a).  Prosecutors must provide defendants with advance notice if they intend to offer evidence under the rule, which also defines "sexual assault."  Fed. R. Evid. 413(b), (d).  The upshot is that under Rule 413, the government "may admit evidence of a sexual assault in order to prove that the defendant has the propensity to commit another sexual

assault." *United States v. Redlightning*, 624 F.3d 1090, 1119–20 (9th Cir. 2010). Federal Rule of Evidence 414 similarly allows the introduction of prior acts of child molestation in a criminal case in which the defendant is accused of that offense. Rule 415 extends Rules 413 and 414 to civil cases.

Importantly, these rules remain subject to Federal Rule of Evidence 403. *See United States v. Thornhill*, 940 F.3d 1114, 1118 (9th Cir. 2019); *Redlightning*, 624 F.3d at 1119. Under Rule 403, a district court may exclude relevant evidence if "its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Thus, "[b]efore admitting evidence of a prior sexual assault, the district court must consider the Rule 403 factors," as the district court did here. *Redlightning*, 624 F.3d at 1119 n.9.

There are several possible rationales for Congress's differential treatment of sexual assault and child molestation cases. It may be that "propensity evidence has special value in certain violent sexual misconduct cases," in that persons who commit these kinds of offenses could be more predisposed to commit them again. *United States v. Stout*, 509 F.3d 796, 801–02 (6th Cir. 2007). It could also be that unique problems of proof in these types of cases—victims' inability to recall events, the lack of other percipient witnesses, and defendants raising consent as a possible defense—provide greater justification for using propensity evidence to ensure rightful convictions. *See id.* at 802 (citing "the difficulty" of obtaining convictions in sexual assault cases as a justification for the 1994 rule additions); *see also*

*United States v. Enjady*, 134 F.3d 1427, 1431 (10th Cir. 1998).

Porter argues that Rule 413 violates the Fifth Amendment's Due Process Clause. His basic argument is that allowing evidence of criminal propensity is fundamentally unfair, creating an unacceptable risk that defendants will be convicted based on predisposition, not wrongdoing.

Our decision in *United States v. Lemay*, 260 F.3d 1018 (9th Cir. 2001), compels us to reject Porter's challenge. In *Lemay*, we turned down a facial challenge to Federal Rule of Evidence 414, the analogous rule allowing evidence of prior child molestation in a criminal case charging that offense. *Id.* at 1024–27. Our reasoning in *Lemay* applies with equal force to Rule 413 and controls this case.

*Lemay* began by explaining that "[t]he Supreme Court has cautioned against the wholesale importation of common law and evidentiary rules into the Due Process Clause." *Id.* at 1024–25. Instead, we must "determine only whether the action complained of violates those fundamental conceptions of justice which lie at the base of our civil and political institutions, and which define the community's sense of fair play and decency." *Id.* at 1025 (quoting *Dowling v. United States*, 493 U.S. 342, 353 (1990)). In evaluating whether a rule is "so 'fundamental' as to be embodied in the Constitution," "the primary guide" is "historical practice." *Id.* (citing *Montana v. Egelhoff*, 518 U.S. 37, 43 (1996) (plurality opinion)); *see also Kahler v. Kansas*, 589 U.S. 271, 279 (2020) (same).

Evaluating Rule 414 first from that historical perspective, *Lemay* could not reach "a clear conclusion." 260 F.3d at 1025. "On the one hand," we observed, "it seems

clear that the general ban on propensity evidence has the requisite historical pedigree to qualify for constitutional status." *Id.* But "[o]n the other hand, courts have routinely allowed propensity evidence in sex-offense cases, even while disallowing it in other criminal prosecutions." *Id.* Here we cited historical evidence that "[i]n many American jurisdictions, evidence of a defendant's prior acts of sexual misconduct is commonly admitted in prosecutions for offenses such as rape, incest, adultery, and child molestation." *Id.* This included a so-called "lustful disposition" exception, "which, in its purest form, is a rule allowing for propensity inferences in sex crime cases." *Id.* at 1025–26; *see also United States v. Harvel*, 115 F.4th 714, 734 (6th Cir. 2024) (explaining that "many jurisdictions soon developed a 'lustful disposition' exception that allowed prosecutors to introduce a defendant's other criminal acts in sex-offense cases"). This ambiguous historical record cut against the defendant in *Lemay*, who bore the burden of showing that his preferred approach was so deeply rooted in legal tradition that Rule 414 would violate due process. *Id.* at 1025–26.

*Lemay* then conducted "an independent inquiry into whether allowing propensity inferences violates fundamental ideas of fairness." *Id.* at 1026. On this score, we held that "as long as the protections of Rule 403 remain in place so that district judges retain the authority to exclude potentially devastating evidence, Rule 414 is constitutional." *Id.* at 1027. With the guardrails of Rule 403, "there is nothing fundamentally unfair about the allowance of propensity evidence under Rule 414." *Id.* at 1026.

*Lemay* offered several points in support of this conclusion. We explained that past sexual misconduct is "indisputably relevant" to whether the defendant committed

the instant offense, and "[t]he introduction of relevant evidence, by itself, cannot amount to a constitutional violation." *Id.* at 1026. By the same token, "the admission of prejudicial evidence, without more, cannot be unconstitutional," because "[a]ll evidence introduced against a criminal defendant might be said to be prejudicial." *Id.* Indeed, we noted, although Rule 404(b) disallows past acts to show propensity, even that rule permits this evidence for other purposes (such as proving motive, opportunity, or intent), and Rule 403 has been considered a sufficient backstop against constitutional violations in that context. *Id.* at 1026–27.

The logic of *Lemay* extends to Rule 413. Although Porter posits potential differences between child molestation and sexual assault offenses, those differences are insufficiently material. And they are ultimately irrelevant under *Lemay* given the protections of Rule 403. Indeed, in upholding Rule 414, *Lemay* relied on other circuits that applied "nearly identical reasoning" in the case of Rule 413. *Id.* at 1027. By the time of *Lemay*, the Eighth and Tenth Circuits had rejected facial due process challenges to Rule 413. *See United States v. Mound*, 149 F.3d 799, 801 (8th Cir. 1998); *Enjady*, 134 F.3d at 1433. Since *Lemay*, the Second, Sixth, and Seventh Circuits have joined their ranks. *United States v. Schaffer*, 851 F.3d 166, 177 (2d Cir. 2017); *Harvel*, 115 F.4th at 736; *United States v. Julian*, 427 F.3d 471, 487 (7th Cir. 2005). We reaffirm *Lemay* and join the other circuits in holding that Rule 413 does not violate due process. When district courts retain discretion to exclude unduly prejudicial propensity evidence under Rule 403, Rule 413 is constitutional. *See Lemay*, 260 F.3d at 1026–27.

We likewise reject Porter's contention that *Spencer v. Texas*, 385 U.S. 554 (1967), and *Dowling v. United States*,

493 U.S. 342 (1989), counsel a different result than the one reached by every circuit to consider Rule 413's constitutionality. *Spencer* and *Dowling* pre-date Rule 413 and did not address the same issues presented here. Regardless, both cases found that "the trial court's authority to exclude potentially prejudicial evidence adequately addresses" any "constitutionally unacceptable risk that the jury will convict the defendant on the basis of" past conduct. *Dowling*, 493 U.S. at 353; *see also Spencer*, 385 U.S. at 561–62 (similar). Neither *Spencer* nor *Dowling* held that it would be improper to admit propensity evidence in sexual assault cases, much less when the evidence can be excluded under Rule 403 and made the subject of appropriate limiting instructions. We understand the objections to Rule 413, but when the rule does not contravene due process, it is not our role to refashion it.

Although we uphold Rule 413, we emphasize that Rule 413, like Rule 414, "is not a blank check entitling the government to introduce whatever evidence it wishes." *Lemay*, 260 F.3d at 1022. District courts should carefully apply Rule 403 in these circumstances, mindful of the five non-exclusive factors we have identified: (1) "the similarity of the prior acts to the acts charged," (2) the "closeness in time of the prior acts to the acts charged," (3) "the frequency of the prior acts," (4) the "presence or lack of intervening circumstances," and (5) "the necessity of the evidence beyond the testimonies already offered at trial." *Id.* at 1028 (quoting *Doe v. Glanzer*, 232 F.3d 1258, 1268 (9th Cir. 2000)). As we explain in our accompanying memorandum disposition, the district court here conscientiously evaluated these factors and did not abuse its discretion in allowing A.H.'s testimony subject to an appropriate limiting instruction.

Allowing A.H. to testify under Rule 413 thus did not violate due process.

**AFFIRMED.**